E-FILED
Wednesday, 23 March, 2016  10:43:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:15-cv-01100-SLD-TSH |
| CITY OF PEORIA, PATRICK RABE, | ) | |
| TERRY PYATT, TIMOTHY ANDERSON, | ) | |
| MICHAEL FORD, and other as-yet | ) | |
| unidentified Peoria Police Officers, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

ORDER

Before the Court is Defendants' unopposed motion to dismiss Plaintiff's federal malicious prosecution claim, ECF No. 22.

Plaintiff's Complaint, ECF No. 1, alleges as Count IV, pursuant to 42 U.S.C. § 1983, that Defendants engaged in malicious prosecution by falsely accusing him of armed robbery and sexual assault, Compl. ¶¶ 74–78. Defendants argue that a federal malicious prosecution claim is not cognizable where a state analogue exists. Mot. Dismiss ¶ 4. Plaintiff concedes the validity of this position, both in a footnote in his complaint and in his response to the motion to dismiss, ECF No. 24, and explains that he brings the claim only to preserve it for appeal should the Seventh Circuit change its position or be directed to do so by the Supreme Court.

Plaintiff is correct to concede the point; the Seventh Circuit does not permit an action for malicious prosecution under § 1983 if a state remedy exists, which it does in Illinois. *See, e.g.*,

*Parish v. City of Chicago*, 594 F.3d 551, 552 (7th Cir. 2009); *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir.2001).

Accordingly, the Motion to Dismiss, ECF No. 22, is GRANTED, and Count IV of Plaintiff's Complaint, ECF No. 1, for malicious prosecution, is DISMISSED.

Entered this 23rd day of March, 2016.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
