IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| CHRISTOPHER COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-cv-1100 |
| ) | |
| CITY OF PEORIA, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Christopher Coleman's Motion to Compel Discovery (d/e 58) (Motion). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

In 1995, Plaintiff Christopher Coleman was convicted of home invasion and sexual assault that occurred in 1994 in Peoria, Illinois. At a post-conviction evidentiary hearing conducted in 2010, other individuals testified that they committed these crimes in 1994, and that Coleman was not involved. On March 13, 2014, the Illinois Supreme Court reversed Coleman's conviction and granted Coleman a new trial based on Illinois law. The Court found that under Illinois law a new trial was required because the 2010 confessions constituted new evidence and were

"conclusive enough that another trier of fact would probably reach a different conclusion." People v. Coleman, 2013 IL 113307, ¶¶ 102, 113-16, 996 N.E.2d 617, 639, 641-42 (Ill. 2013).  Coleman was released from prison.

On March 13, 2014, the Peoria County State's Attorney dropped the charges against Coleman.  On March 5, 2015, the Peoria County, Illinois, Circuit Court issued Coleman a certificate of innocence.  Amended Complaint (d/e 51), ¶¶ 48-52.

On March 11, 2015, Coleman brought this action against the City of Peoria, Illinois (Peoria); Peoria Police Department (Department) Detective Patrick Rabe (Detective Rabe); and Department Police Officers Terry Pratt, Timothy Anderson, and Michael Ford for violation of his constitutional rights during the investigation and prosecution of the 1994 home invasion (1994 Investigation).  Coleman also brought claims against Peoria for violation of his constitutional rights under the principles set forth in Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694-95 (1978) (Monell Claims).  Amended Complaint, Counts I-IV.  Coleman also alleged supplemental state law claims based on the investigation and prosecution.  Amended Complaint, Counts V-X.  Detective Rabe died during the pendency of this case.  Michael Rabe, as executor of Detective

Rabe's estate, has been substituted in as a defendant.  Text Order entered February 29, 2016.

On December 30, 2015, Coleman served a Request for Production of Documents (December 30 Request), which included a request for, "All documents relating to the report referenced in the March 9, 1992 Peoria Journal-Star editorial attached hereto as Exhibit A." Defendants' Response to Plaintiffs' Motion to Compel (d/e 65) (Response), Exhibit 1, December 30 Request, ¶ 1.  The attached newspaper article (Newspaper Article) discussed a report issued by the Police Executive Review Forum after a six-month, independent study of the Department (Forum Report).

On January 28, 2016, Coleman served a second Request for Production of Documents (January 28 Request), which included a request for, "Police reports and investigative files for all armed robberies and home invasions reported to the Peoria Police Department in 1993 and 1994" (1993-94 Home Invasion Reports).  Response, Exhibit 3, Defendants' Answers to Plaintiff's January 28, 2016 Requests for Production to all Defendants, ¶ 4.

On February 8, 2016, Defendants filed Defendants' Motion to Bifurcate and Stay Discovery and Trial of Plaintiff's Municipal Liability Claims (d/e 35) (Motion to Bifurcate).  The Motion to Bifurcate asked the

Court to bifurcate and stay discovery and trial of the Monell Claims against Peoria until after the claims against the individual Defendants are tried.[1] The Motion to Bifurcate is pending before the District Court.

Defendants also objected to Coleman's request for the Forum Report or the 1993-94 Home Invasion Reports on the grounds that these requests related to the Monell Claims. The Defendants objected, among other reasons, because discovery of these documents would be stayed if the District Court grants the Motion to Bifurcate. The parties did not resolve this dispute among themselves. Coleman has brought the Motion to compel production of the Forum Report and the 1993-94 Home Invasion Reports (collectively the Disputed Requests).

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. District courts have broad discretion in matters relating to discovery. See Brown Bey v. United States, 720 F.2d 467, 470 471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers'

---

[1] The Court includes the late Detective Rabe in the phrase "individual Defendants."

Local Union 130, U. A., 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). District Courts also have broad discretion in controlling the sequence of discovery. See In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 331, 336 (N.D. Ill. 2005).

The Defendants object to the Disputed Requests because they seek information related to the Monell Claims. The Defendants argue that if the District Court grants the stay, then discovery of such information will be stayed. Coleman responds that: (1) the District Court has not granted the Motion to Stay so discovery on all issues and all claims should continue; and (2) discovery of the information sought by the Disputed Requests will not be stayed if the District Court grants the Motion to Stay because the information is relevant to the claims against the individual Defendants.

Section 1983 imposes direct liability on a defendant for the defendant's actions only. Coleman must prove that each individual Defendant personally violated his rights. Each individual Defendant cannot be found liable for the actions of another officer. See Minix v. Canarecci, 597 F.3d 824, 833-34 (7th Cir. 2010).

Similarly, Peoria cannot be held vicariously liable for the individual Defendants' actions.  Monell, 436 U.S. at 692.  Coleman must prove that Peoria directly violated his rights.  To meet this burden, Colman must show: (1) Peoria had an official policy to violate the rights of individuals in Coleman's circumstance, and the individual Defendants acted pursuant to that policy; (2) Peoria had a custom or practice to violate rights of individuals in Coleman's circumstance, which custom or practice was so widespread as to have the force of law, and the individual Defendants acted pursuant to that established custom or practice; or (3) individuals who had final policy making authority for Peoria personally caused the violation of Coleman's rights.  See Board of County Com'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04 (1997); Waters v. City of Chicago, 580 F.3d 575, 580-81 (7th Cir. 2009).  The Defendants in the Motion to Bifurcate ask the Court to stay discovery on these claims until the claims against the individual Defendants have been tried.

The information sought by the Disputed Requests relates to Coleman's Monell claims.  According to the newspaper article attached to the December 30 Request, the Forum Report discussed the practices of the Department generally; and the 1993-94 Home Invasion Reports contained information about the acts of Department Police Officers in all of

these types of cases covering a two year period. Both Disputed Requests related to practices and customs of the Department, or may lead to admissible evidence concerning the practices and customs of the Department.[2]

The Court, in its discretion, sustains the Defendants' objection to discovery of information related to the Monell Claims until the District Court decides the Motion to Bifurcate. The District Court has broad discretion to order separate trials and to set the order of trials for the convenience of the Court and the parties, to promote judicial economy, and to avoid prejudice. Fed. R. Civ. P. 42(b). Some District Courts have granted stays in this circumstance, and some have not. See e.g., Wells v. Coker, 2014 WL 716518, at *3 (C.D. Ill. February 25, 2014) (denying bifurcation); but see Dickerson v. Ramirez, 2015 WL 5297516, at *5 (C.D. Ill. September 10, 2015) (granting bifurcation); Powell v. Pauley, 2015 WL 6971615, at *4 (C.D. Ill. November 10, 2015) (same). Allowing discovery of the Monell Claims to proceed at this point would interfere with the District Court's ability to decide this issue.

Coleman will not be denied responses to the Disputed Requests if the District Court denies the Motion to Bifurcate. Coleman may ask this Court

---

[2] The Court is not deciding whether the Disputed Request would be discoverable at this time, only that they relate to Coleman's Monell Claims. Issues such as proportionality, remoteness in time, and the burden of the Disputed Requests on the Defendants remain.

1:15-cv-01100-SLD-TSH   # 82   Page 8 of 10

to adjust the Scheduling Order to permit completion of this discovery. At this point, however, discovery on the <u>Monell</u> Claims should wait for the District Court's decision.

Coleman argues that the Defendants' objections to the Disputed Requests should still be overruled because the Disputed Requests are likely to produce information that is relevant to the claims against the Individual Defendants. Coleman argues that the Forum Report would provide information about the individual Defendants' actions because the Forum Report discussed Department practices. The Court disagrees. Coleman must prove the actions of each individual Defendant in the 1994 Investigation to establish a claim against that Defendant. The practices of the Department prior to the March 1992 Forum Report would not tend to prove the particular actions of each individual Defendant in this case.

Coleman also argues that the Forum Report would be relevant to impeach Defendant Ford. Ford testified that in his experience, Department Officers and Detectives informally shared information at the time of the 1994 Investigation. <u>Motion</u>, Exhibit A-2, <u>Deposition of Michael Ford</u>, at 286. The newspaper article about the Forum Report stated at one point stated, "Detectives generally don't share information with patrol officers." <u>Motion</u>, Exhibit A-1, <u>Newspaper Article</u>. Coleman argues that the Forum Report

could be used to impeach Ford.  The Court again disagrees.  Statements in the Forum Report regarding Department practices generally prior to March 1992 would not impeach Ford's testimony about his conduct and his experiences in the Department in 1994.

Coleman argues that the 1993-94 Home Invasion Reports are relevant to the individual Defendants' testimonies that they investigated Coleman because he had been arrested for a different armed robbery and home invasion in 1993.  Coleman argues that the 1993-94 Home Invasion Reports will show that many armed robberies and home invasions occurred in 1993-94, and so, tend to disprove that the individual Defendants' investigated Coleman because of his prior arrest record.  The Court again disagrees.  The existence of other crimes does not disprove that Coleman was arrested in 1993 for armed robbery and home invasion and does not tend to prove or disprove that the individual Defendants investigated Coleman because of that past arrest.

The Disputed Requests ask for information relevant to Coleman's Monell Claims.  The Court sustains the Defendants' objection to these requests until the District Court decides the Motion to Bifurcate.  If the District Court's decision on the Motion to Bifurcate does not stay discovery on the Monell Claims, Coleman may renew the Disputed Requests and ask

for a modification of the discovery schedule.  If the District Court stays discovery on the Monell Claims, Coleman may renew the Discovery Requests if and when the stay is lifted.

THEREFORE, Plaintiff Christopher Coleman's Motion to Compel Discovery (d/e 58) is DENIED.

ENTER:   July 22, 2016

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE