E-FILED
Friday, 06 April, 2018  07:32:07 AM
Clerk, U.S. District Court, ILCD
36,43,APPEAL,CLOSED,REFER

## U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Peoria)
## CIVIL DOCKET FOR CASE #: <u>1:15–cv–01100–SLD–TSH</u>

| | |
|---|---|
| Coleman v. City of Peoria et al | Date Filed: 03/11/2015 |
| Assigned to: Judge Sara Darrow | Date Terminated: 03/09/2018 |
| Referred to: Magistrate Judge Tom Schanzle–Haskins | Jury Demand: Both |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

**Christopher Coleman**                 represented by   **Arthur Loevy**
LOEVY & LOEVY
3rd Floor
311 North Aberdeen St
Chicago, IL 60607
312–243–5900
Fax: 312–243–5900
Email: <u>loevylaw@loevy.com</u>
*ATTORNEY TO BE NOTICED*

**D Samuel Heppell**
LOEVY & LOEVY
3rd Floor
311 North Aberdeen St
Chicago, IL 60607
312–243–5900
Fax: 312–243–5902
Email: <u>sam@loevy.com</u>
*ATTORNEY TO BE NOTICED*

**Elliot Robert Slosar**
LOEVY & LOEVY
3rd Floor
311 North Aberdeen St
Chicago, IL 60607
312–243–5900
Fax: 312–243–5902
Email: <u>elliot@loevy.com</u>
*ATTORNEY TO BE NOTICED*

**Jack Samuel Tenenbaum**
BLUHM LEGAL CLINIC
Northwestern University School of Law
357 E Chicago Ave
Chicago, IL 60611
312–503–4808
Fax: 312–503–8977
Email: <u>s–tenenbaum@law.northwestern.edu</u>

*ATTORNEY TO BE NOTICED*

**Jonathan I Loevy**
LOEVY & LOEVY
3rd Floor
311 North Aberdeen St
Chicago, IL 60607
312–243–5900
Fax: 312–243–5902
Email: jon@loevy.com
*ATTORNEY TO BE NOTICED*

**Locke E Bowman**
RODERICK MACARTHUR JUSTICE
CENTER
NORTHWESTERN UNIVERSITY
SCHOOL OF LAW
375 E Chicago Ave
Chicago, IL 60611
312–503–0844
Email: l–bowman@law.northwestern.edu
*ATTORNEY TO BE NOTICED*

**Russell R Ainsworth**
LOEVY & LOEVY
3rd Floor
311 North Aberdeen St
Chicago, IL 60607
312–243–5900
Fax: 312–243–5902
Email: russell@loevy.com
*ATTORNEY TO BE NOTICED*

**Elizabeth N Mazur**
LOEVY & LOEVY
3rd Floor
311 North Aberdeen St
Chicago, IL 60607
312–243–5900
Fax: 312–243–5902
Email: elizabethm@loevy.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| City of Peoria | represented by | **James G Sotos** |
| | | THE SOTOS LAW FIRM, P.C. |
| | | Suite 150 |
| | | 550 E Devon Ave |
| | | Itasca, IL 60143 |

630–735–3300
Fax: 630–773–0980
Email: jsotos@jsotoslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Grill**
THE SOTOS LAW FIRM, P.C.
Suite 150
550 E Devon Ave
Itasca, IL 60143
630–735–3300
Fax: 630–773–0980
Email: agrill@jsotoslaw.com
*TERMINATED: 05/26/2016*
*ATTORNEY TO BE NOTICED*

**Donald B Leist**
CITY OF PEORIA
Room 200
419 Fulton Street
Peoria, IL 61602
309–494–8590
Fax: 309–494–8559
Email: dleist@peoriagov.org
*ATTORNEY TO BE NOTICED*

**Elizabeth A Ekl**
THE SOTOS LAW FIRM, P.C.
Suite 150
550 E Devon Ave
Itasca, IL 60143
630–735–3300
Fax: 630–773–0980
Email: eekl@jsotoslaw.com
*TERMINATED: 01/31/2018*
*ATTORNEY TO BE NOTICED*

**Jeffrey R Kivetz**
THE SOTOS LAW FIRM, P.C.
Suite 150
550 E Devon Ave
Itasca, IL 60143
630–735–3318
Fax: 630–773–0980
Email: jkivetz@jsotoslaw.com
*ATTORNEY TO BE NOTICED*

**Jonathan A Stump**
QUINN JOHNSTON HENDERSON &
PRETORIUS
227 NE Jefferson St

Peoria, IL 61602–1211
(309) 674–1133
Fax: 674–6503
Email: jstump@qjhp.com
*ATTORNEY TO BE NOTICED*

**Jordan Ann Lejcar**
THE SOTOS LAW FIRM, P.C.
Suite 150
550 E Devon Ave
Itasca, IL 60143
630–735–3300
Fax: 630–773–0980
Email: jordan.lejcar@svs–law.com
*TERMINATED: 07/26/2016*
*ATTORNEY TO BE NOTICED*

**Laura M Ranum**
THE SOTOS LAW FIRM, P.C.
Suite 150
550 E Devon Ave
Itasca, IL 60143
630–735–3316
Fax: 630–773–0980
Email: lranum@jsotoslaw.com
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
THE SOTOS LAW FIRM, P.C.
Suite 150
550 E Devon Ave
Itasca, IL 60143
630–735–3300
Fax: 630–735–0980
Email: lmeador@jsotoslaw.com
*ATTORNEY TO BE NOTICED*

**Peter R Jennetten**
QUINN JOHNSTON HENDERSON
PRETORIUS & CERULO
227 NE Jefferson Ave
Peoria, IL 61602
309–674–1133
Fax: 309–674–6503
Email: pjennetten@quinnjohnston.com
*ATTORNEY TO BE NOTICED*

**Sara J Schroeder**
THE SOTOS LAW FIRM, P.C.
Suite 150
550 E Devon Ave
Itasca, IL 60143

630–735–3305
Email: sschroeder@jsotoslaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Patrick Rabe**                                    represented by    **James G Sotos**
*TERMINATED: 02/29/2016*                                         (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Grill**
(See above for address)
*TERMINATED: 05/26/2016*
*ATTORNEY TO BE NOTICED*

**Donald B Leist**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth A Ekl**
(See above for address)
*TERMINATED: 01/31/2018*
*ATTORNEY TO BE NOTICED*

**Laura M Ranum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Terry Pyatt**                                     represented by    **James G Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Grill**
(See above for address)
*TERMINATED: 05/26/2016*
*ATTORNEY TO BE NOTICED*

**Donald B Leist**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth A Ekl**
(See above for address)
*TERMINATED: 01/31/2018*
*ATTORNEY TO BE NOTICED*

**Jeffrey R Kivetz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan A Stump**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Ann Lejcar**
(See above for address)
*TERMINATED: 07/26/2016*
*ATTORNEY TO BE NOTICED*

**Laura M Ranum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter R Jennetten**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sara J Schroeder**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Timothy Anderson**                    represented by    **James G Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Grill**
(See above for address)
*TERMINATED: 05/26/2016*
*ATTORNEY TO BE NOTICED*

**Donald B Leist**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth A Ekl**
(See above for address)
*TERMINATED: 01/31/2018*
*ATTORNEY TO BE NOTICED*

**Jeffrey R Kivetz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan A Stump**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Jordan Ann Lejcar**
(See above for address)
*TERMINATED: 07/26/2016*
*ATTORNEY TO BE NOTICED*

**Laura M Ranum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter R Jennetten**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sara J Schroeder**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Ford**                     represented by   **James G Sotos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Grill**
(See above for address)
*TERMINATED: 05/26/2016*
*ATTORNEY TO BE NOTICED*

**Donald B Leist**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth A Ekl**
(See above for address)
*TERMINATED: 01/31/2018*
*ATTORNEY TO BE NOTICED*

**Jeffrey R Kivetz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan A Stump**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Ann Lejcar**

(See above for address)
*TERMINATED: 07/26/2016*
*ATTORNEY TO BE NOTICED*

**Laura M Ranum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter R Jennetten**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sara J Schroeder**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased** | represented by | **James G Sotos** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Joseph Grill**
(See above for address)
*TERMINATED: 05/26/2016*
*ATTORNEY TO BE NOTICED*

**Elizabeth A Ekl**
(See above for address)
*TERMINATED: 01/31/2018*
*ATTORNEY TO BE NOTICED*

**Jeffrey R Kivetz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan A Stump**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Ann Lejcar**
(See above for address)
*TERMINATED: 07/26/2016*
*ATTORNEY TO BE NOTICED*

**Laura M Ranum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie Meador**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter R Jennetten**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sara J Schroeder**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Peoria County Sheriff's Office**               represented by   **Steven W Giebelhausen**
PEORIA COUNTY STATES
ATTORNEY
Peoria County Courthouse
324 Main St
Room 111
Peoria, IL 61602
309–672–6017
Fax: 309–786–2393
Email: sgiebelhausen@peoriacounty.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**DANA HOLLAND**                                 represented by   **Daniel J Stohr**
c/o Attorney Stohr                                                DANIEL J STOHR
311 North Aberdeen Street                                         Third Floor
Third Floor                                                       311 North Aberdeen Street
Chicago, IL 60607                                                 Chicago, IL 60607
312–726–1180                                                      312–726–1180
                                                                  Email: djs7@sbcglobal.net
                                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/11/2015 | 1 | | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number 0753–2028306.), filed by Christopher Coleman. (Attachments: # 1 Civil Cover Sheet, # 2 Summons – City, # 3 Summons – Anderson, # 4 Summons – Ford, # 5 Summons – Pyatt, # 6 Summons – Rabe)(Mazur, Elizabeth) (Entered: 03/11/2015) |
| 03/11/2015 | 2 | | NOTICE of Appearance of Attorney by Elizabeth N Mazur on behalf of Christopher Coleman (Mazur, Elizabeth) (Entered: 03/11/2015) |
| 03/11/2015 | 3 | | NOTICE of Appearance of Attorney by Jonathan I Loevy on behalf of Christopher Coleman (Loevy, Jonathan) (Entered: 03/11/2015) |

| 03/11/2015 | 4 | | NOTICE of Appearance of Attorney by Arthur Loevy on behalf of Christopher Coleman (Loevy, Arthur) (Entered: 03/11/2015) |
|---|---|---|---|
| 03/11/2015 | 5 | | NOTICE of Appearance of Attorney by Elliot Robert Slosar on behalf of Christopher Coleman (Slosar, Elliot) (Entered: 03/11/2015) |
| 03/12/2015 | 6 | | Summons Issued as to All Defendants. (FDT, ilcd) (Entered: 03/12/2015) |
| 03/12/2015 | 7 | | ORDER OF RECUSAL entered by Magistrate Judge Jonathan E. Hawley on 3/12/15. Magistrate Judge Jonathan E. Hawley recused. The file is forwarded to the Chief Judge for reassignment. (FDT, ilcd) (Entered: 03/12/2015) |
| 03/12/2015 | | | TEXT ORDER entered by Chief Judge James E. Shadid on 3/12/15. Pursuant to instructions from Chief Judge James E. Shadid, the referral judge in this case is changed to Magistrate Judge Schanzle–Haskins for all further proceedings. (FDT, ilcd) (Entered: 03/12/2015) |
| 03/13/2015 | 8 | | NOTICE of Appearance of Attorney by Locke E Bowman on behalf of Christopher Coleman (Bowman, Locke) (Entered: 03/13/2015) |
| 03/13/2015 | 9 | | ORDER OF RECUSAL entered by Judge Joe Billy McDade on 3/13/2015. Judge Joe B. McDade recused. The file is forwarded to the Chief Judge for reassignment. See written order attached. (MA, ilcd) (Entered: 03/13/2015) |
| 03/13/2015 | 10 | | AMENDED ORDER OF RECUSAL entered by Magistrate Judge Jonathan E. Hawley on 3/13/15. SEE FULL WRITTEN ORDER. (FDT, ilcd) (Entered: 03/13/2015) |
| 03/13/2015 | | | Text ORDER reassigning case. Pursuant to the recusal order entered by Judge Joe Bill McDade, this matter is hereby reassigned to Judge Sara Darrow for all further proceedings. Entered by Chief Judge James E. Shadid on 3/13/2015. (CG, ilcd) (Entered: 03/13/2015) |
| 03/13/2015 | | | Judge Sara Darrow added. (SW, ilcd) (Entered: 03/13/2015) |
| 03/18/2015 | 11 | | NOTICE of Appearance of Attorney by Jack Samuel Tenenbaum on behalf of Christopher Coleman (Tenenbaum, Jack) (Entered: 03/18/2015) |
| 03/31/2015 | 12 | | NOTICE of Appearance of Attorney by James G Sotos on behalf of All Defendants (Sotos, James) (Entered: 03/31/2015) |
| 03/31/2015 | 13 | | NOTICE of Appearance of Attorney by Elizabeth A Ekl on behalf of All Defendants (Ekl, Elizabeth) (Entered: 03/31/2015) |
| 03/31/2015 | 14 | | NOTICE of Appearance of Attorney by Andrew Joseph Grill on behalf of All Defendants (Grill, Andrew) (Entered: 03/31/2015) |
| 04/02/2015 | 15 | | WAIVER OF SERVICE Returned Executed by Christopher Coleman. Timothy Anderson waiver sent on 3/30/2015, answer due 5/29/2015. (Mazur, Elizabeth) (Entered: 04/02/2015) |
| 04/02/2015 | 16 | | WAIVER OF SERVICE Returned Executed by Christopher Coleman. City of Peoria waiver sent on 3/30/2015, answer due 5/29/2015. (Mazur, Elizabeth) (Entered: 04/02/2015) |
| 04/02/2015 | 17 | | WAIVER OF SERVICE Returned Executed by Christopher Coleman. Michael Ford waiver sent on 3/30/2015, answer due 5/29/2015. (Mazur, Elizabeth) |

| | | | |
|---|---|---|---|
| | | | (Entered: 04/02/2015) |
| 04/02/2015 | 18 | | WAIVER OF SERVICE Returned Executed by Christopher Coleman. Terry Pyatt waiver sent on 3/30/2015, answer due 5/29/2015. (Mazur, Elizabeth) (Entered: 04/02/2015) |
| 04/02/2015 | 19 | | WAIVER OF SERVICE Returned Executed by Christopher Coleman. Patrick Rabe waiver sent on 3/30/2015, answer due 5/29/2015. (Mazur, Elizabeth) (Entered: 04/02/2015) |
| 04/07/2015 | 20 | | NOTICE of Appearance of Attorney by Laura M Rawski on behalf of All Defendants (Rawski, Laura) (Entered: 04/07/2015) |
| 05/26/2015 | 21 | | MOTION for Extension of Time to File Answer *of Otherwise Plead Unopposed* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Terry Pyatt, Patrick Rabe. Responses due by 6/12/2015 (Rawski, Laura) (Entered: 05/26/2015) |
| 05/27/2015 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Defendants' Unopposed Motion for Extenion of Time to Answer or Otherwise Plead 21 ALLOWED. Extension granted to 6/12/2015. (LB, ilcd) (Entered: 05/27/2015) |
| 06/12/2015 | 22 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Count IV* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Terry Pyatt, Patrick Rabe. Responses due by 6/29/2015 (Rawski, Laura) (Entered: 06/12/2015) |
| 06/12/2015 | 23 | | ANSWER to 1 Complaint, AND AFFIRMATIVE DEFENSES by Timothy Anderson, City of Peoria, Michael Ford, Terry Pyatt, Patrick Rabe.(Rawski, Laura) (Entered: 06/12/2015) |
| 06/15/2015 | 24 | | RESPONSE to Motion re 22 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Count IV* filed by Plaintiff Christopher Coleman. (Mazur, Elizabeth) (Entered: 06/15/2015) |
| 06/15/2015 | | | NOTICE OF HEARING: Telephonic Rule 16 Scheduling Conference set Tuesday, 7/28/2015, at 9:30 AM (court will place call) before U.S. Magistrate Judge Tom Schanzle–Haskins. Attorneys are directed to comply with Federal Rule of Civil Procedure 26(f) by meeting as soon as practicable, and in any event at least fourteen (14) days prior to the scheduling conference, and are to submit a proposed discovery plan in writing to the Court on or before 7/24/2015. Such a plan must include, at a minimum, those items listed in CDIL–LR 26.2(3), Rule 16(b), Rule 26(f), and CDIL–LR 16.2(E) with proposed deadlines. The parties are directed to specifically address the provisions, if any, for discovery or disclosure of electronically stored information, and to discuss agreements, if any, the parties reach for asserting claims of privilege or of protection as trial preparation material, after inadvertent production. Any plan filed shall specifically address the need, or lack thereof, concerning discovery of electronically stored information. If a discovery plan is not submitted as required, the scheduling hearing will not be held and costs may be assessed. Lead counsel or other counsel of record with knowledge of the case should be available to participate in the Rule 16 scheduling hearing. (LB, ilcd) (Entered: 06/15/2015) |
| 07/21/2015 | 25 | | |

| | | | |
|---|---|---|---|
| | | | DISCOVERY PLAN – PROPOSED/Report of Rule 26(f)Planning Meeting by Christopher Coleman. (Mazur, Elizabeth) (Entered: 07/21/2015) |
| 07/28/2015 | 26 | | MINUTE ENTRY for proceedings held before U.S. Magistrate Judge Tom Schanzle–Haskins. Telephonic Rule 16 Scheduling Conference held on 7/28/2015 with counsel for Plaintiff, Elliot Robert Slosar, Jack Samuel Tenenbaum, and Elizabeth N. Mazur, and counsel for Defendants, Elizabeth A. Ekl and Laura M. Rawski. Written order to follow. Parties are reminded of their option to consent to proceed before U.S. Magistrate Judge. See attached form. (LB, ilcd) (Entered: 07/28/2015) |
| 07/28/2015 | 27 | | SCHEDULING ORDER entered by U.S. Magistrate Judge Tom Schanzle–Haskins. TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS: Initial Disclosures due by 8/6/2015; Joinder of Parties due by 12/30/2015; Amended Pleadings due by 12/30/2015; Fact Discovery due by 7/1/2016; Plaintiff`s Expert Disclosure due by 7/29/2016; Defendant`s Expert Disclosure due by 9/23/2016; Expert Discovery due by 12/14/2016; Dispositive Motions due by 1/16/2017. Final Pretrial Conference set 4/18/2017 at 10:00 AM before U.S. District Judge Sara Darrow. Jury Trial set 6/5/2017 at 9:00 AM before Judge Darrow. Telephonic Status Conference set Thursday, 12/15/2016, at 1:30 PM (court will place call) before Magistrate Judge Schanzle–Haskins. See written order. (Attachments: # 1 Mediation Memorandum, # 2 Courtroom Technology Brochure) (LB, ilcd) (Entered: 07/28/2015) |
| 08/05/2015 | 28 | | MOTION for leave to depose incarcerated witnesses by Plaintiff Christopher Coleman. Responses due by 8/24/2015 (Mazur, Elizabeth) (Entered: 08/05/2015) |
| 08/13/2015 | 29 | | MOTION for Protective Order by Plaintiff Christopher Coleman. Responses due by 8/31/2015 (Attachments: # 1 Exhibit A – Proposed Order)(Mazur, Elizabeth) (Entered: 08/13/2015) |
| 08/17/2015 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Plaintiff's Unopposed Motion for Entry of a Confidential Matter Protective Order 29 ALLOWED. Written order to follow. (LB, ilcd) (Entered: 08/17/2015) |
| 08/17/2015 | 30 | | CONFIDENTIAL MATTER PROTECTIVE ORDER entered by U.S. Magistrate Judge Tom Schanzle–Haskins on 8/17/2015. (LB, ilcd) (Entered: 08/17/2015) |
| 08/25/2015 | 31 | | ORDER entered by U.S. Magistrate Judge Tom Schanzle–Haskins. Plaintiff's Motion for Leave to Depose Incarcerated Witnesses 28 ALLOWED. See written order. (LB, ilcd) (Entered: 08/25/2015) |
| 08/28/2015 | 32 | | NOTICE of Appearance of Attorney by Donald B Leist on behalf of All Defendants (Leist, Donald) (Entered: 08/28/2015) |
| 01/04/2016 | 33 | | SUGGESTION OF DEATH Upon the Record as to PATRICK RABE by Timothy Anderson, City of Peoria, Michael Ford, Terry Pyatt, Patrick Rabe. (Grill, Andrew) (Entered: 01/04/2016) |
| 01/05/2016 | 34 | | NOTICE of Appearance of Attorney by D Samuel Heppell on behalf of Christopher Coleman (Heppell, D) (Entered: 01/05/2016) |
| 02/08/2016 | 35 | | |

| | | |
|---|---|---|
| | | MOTION to Bifurcate *and Stay Discovery and Trial of Plaintiffs Municipal Liability Claims* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Terry Pyatt. Responses due by 2/25/2016 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Grill, Andrew) (Entered: 02/08/2016) |
| 02/10/2016 | 36 | NOTICE of Appearance of Attorney by Jordan Ann Lejcar on behalf of Timothy Anderson, City of Peoria, Michael Ford, Terry Pyatt (Lejcar, Jordan) (Entered: 02/10/2016) |
| 02/17/2016 | 37 | MOTION to Substitute Party, Patrick Rabe to be replaced by Michael Rabe, as executor of the Estate of Patrick K. Rabe, by Plaintiff Christopher Coleman. Responses due by 3/7/2016 (Attachments: # 1 Exhibit A – Letters of Office)(Mazur, Elizabeth) (Entered: 02/17/2016) |
| 02/19/2016 | 38 | NOTICE of Appearance of Attorney by Steven W Giebelhausen on behalf of Peoria County Sheriff's Office (Giebelhausen, Steven) (Entered: 02/19/2016) |
| 02/19/2016 | 39 | MOTION to Quash *Subpoena* by Interested Party Peoria County Sheriff's Office. Responses due by 3/7/2016 (Giebelhausen, Steven) (Entered: 02/19/2016) |
| 02/19/2016 | 40 | MEMORANDUM re 39 MOTION to Quash *Subpoena* by Peoria County Sheriff's Office. (Giebelhausen, Steven) (Entered: 02/19/2016) |
| 02/22/2016 | 41 | MOTION to Withdraw 38 Notice of Appearance of Attorney, 40 Memorandum, 39 MOTION to Quash *Subpoena* by Interested Party Peoria County Sheriff's Office. Responses due by 3/10/2016 (Giebelhausen, Steven) (Entered: 02/22/2016) |
| 02/23/2016 | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. The Motion of Non–Party Peoria County Sheriff's Office to Withdraw Filed Documents 41 is ALLOWED. The Non–Party Motion to Quash Subpoena to Produce Documents 39 and its Memorandum In Support of the Motion to Quash Subpoena (Memorandum of Law) 40 are Withdrawn. The Clerk is directed to seal the Memorandum of Law because it contains birthdates of certain individuals. (LB, ilcd) (Entered: 02/23/2016) |
| 02/25/2016 | 42 | RESPONSE to Motion re 35 MOTION to Bifurcate *and Stay Discovery and Trial of Plaintiffs Municipal Liability Claims* filed by Plaintiff Christopher Coleman. (Attachments: # 1 Exhibit A – Defs Responses to Interrogatory No. 2, # 2 Exhibit B – Rabe Police Report 8–22–94, # 3 Exhibit C – Anderson Dep Excerpt, # 4 Exhibit D – 8–22–94 Lineup Photo, # 5 Exhibit E – Plaintiff's Correspondence Re Deps, # 6 Exhibit F – Def's Monell Objections, # 7 Exhibit G – Ford Dep Excerpt)(Mazur, Elizabeth) (Entered: 02/25/2016) |
| 02/29/2016 | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Plaintiff's Unopposed Motion to Substitute Defendant 37 is ALLOWED. Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, is hereby substituted in as a defendant in this case for the deceased defendant Patrick Rabe. (LN, ilcd) (Entered: 02/29/2016) |
| 03/02/2016 | 43 | NOTICE of Change of Address by Laura M Rawski (Rawski, Laura) (Entered: 03/02/2016) |
| 03/23/2016 | 44 | ORDER entered by Judge Sara Darrow on March 23, 2016. Defendant's 22 Motion to Dismiss is GRANTED, and Count IV of Plaintiff's 1 Complaint, for |

| | | | |
|---|---|---|---|
| | | | malicious prosecution, is DISMISSED. (SC, ilcd) (Entered: 03/23/2016) |
| 04/01/2016 | 45 | | MOTION for Leave to File *An Amended Complaint* by Plaintiff Christopher Coleman. Responses due by 4/18/2016 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mazur, Elizabeth) (Entered: 04/01/2016) |
| 04/01/2016 | 46 | | NOTICE of Appearance of Attorney by James G Sotos on behalf of Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased (Sotos, James) (Entered: 04/01/2016) |
| 04/01/2016 | 47 | | NOTICE of Appearance of Attorney by Elizabeth A Ekl on behalf of Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased (Ekl, Elizabeth) (Entered: 04/01/2016) |
| 04/01/2016 | 48 | | NOTICE of Appearance of Attorney by Laura M Ranum on behalf of Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased (Ranum, Laura) (Entered: 04/01/2016) |
| 04/01/2016 | 49 | | NOTICE of Appearance of Attorney by Andrew Joseph Grill on behalf of Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased (Grill, Andrew) (Entered: 04/01/2016) |
| 04/01/2016 | 50 | | NOTICE of Appearance of Attorney by Jordan Ann Lejcar on behalf of Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased (Lejcar, Jordan) (Entered: 04/01/2016) |
| 04/05/2016 | | | TEXT ORDER – Entered by Magistrate Judge Tom Schanzle–Haskins on 4/5/2016. Plaintiff's Motion for Leave to File an Amended Complaint 45 is ALLOWED. Clerk is directed to file Amended Complaint [45–1] attached to Motion. Defendants are given leave to renew their Motion to Dismiss Count IV which concerns Plaintiffs federal malicious prosecution claim under 42 U.S.C. § 1983. (LN, ilcd) (Entered: 04/05/2016) |
| 04/05/2016 | 51 | | AMENDED COMPLAINT against Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt, filed by Christopher Coleman.(LN, ilcd) (Entered: 04/05/2016) |
| 04/15/2016 | 52 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *for Count IV of the Amended Complaint* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 5/2/2016 (Ranum, Laura) (Entered: 04/15/2016) |
| 04/15/2016 | 53 | | *Defendants'* ANSWER to 51 Amended Complaint *Affirmative Defenses and Jury Demand* by Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt.(Ekl, Elizabeth) (Entered: 04/15/2016) |
| 04/19/2016 | 54 | | RESPONSE to Motion re 52 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *for Count IV of the Amended Complaint* filed by Plaintiff Christopher Coleman. (Heppell, D) (Entered: 04/19/2016) |
| 04/25/2016 | 55 | | MOTION for Leave to File *a Written Discovery Motion or in the Alternative For a Discovery Hearing* by Plaintiff Christopher Coleman. Responses due by 5/12/2016 (Attachments: # 1 Exhibit A – Proposed Motion to Compel, # 2 Exhibit A–1 – Peoria Journal Star Article, # 3 Exhibit A–2 – Ford Deposition |

| | | | |
|---|---|---|---|
| | | | Excerpt, # 4 Exhibit A–3 – Defendants' Respone to 12–30–15 RFP, # 5 Exhibit A–4 – Correspondence, # 6 Exhibit A–5 – Defendants' Response to 1–28–16 RFP)(Mazur, Elizabeth) (Entered: 04/25/2016) |
| 05/05/2016 | 56 | | MOTION for Leave to File *Second Amended Complaint* by Plaintiff Christopher Coleman. Responses due by 5/23/2016 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Mazur, Elizabeth) (Entered: 05/05/2016) |
| 05/12/2016 | 57 | | RESPONSE to Motion re 55 MOTION for Leave to File *a Written Discovery Motion or in the Alternative For a Discovery Hearing* filed by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Ekl, Elizabeth) (Entered: 05/12/2016) |
| 05/13/2016 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Plaintiff's Motion for Leave to File a Written Discovery Motion or in the Alternative for a Discovery Hearing 55 (Motion) is ALLOWED in part. Plaintiffs' request to file a Motion to Compel is ALLOWED. A party may file a motion to compel without leave of court. Fed. R. Civ. P. 37(a). The Defendants have moved to stay certain discovery 35 , but that motion has not yet been decided. The Clerk is directed to file the proposed Motion to Compel (Exhibits A and A–1 through A–5 to the Motion). Defendants shall file a response to the Motion to Compel (Response) by June 6, 2016. Defendants may include in the Response all matters raised in response to the Motion. The request for a hearing is DENIED at this time. The Court will review the Motion to Compel and the Response and decide whether a hearing is necessary. (LN, ilcd) Modified on 5/13/2016 (LN, ilcd). (Entered: 05/13/2016) |
| 05/13/2016 | 58 | | MOTION to Compel by Plaintiff Christopher Coleman. Responses due by 5/31/2016. (LN, ilcd) (Entered: 05/13/2016) |
| 05/13/2016 | | | UTILITY: Pursuant to Judge Schanzle–Haskins' Text Order of 5/13/2016, Response to Motion to Compel 58 due 6/6/2016. (LB, ilcd) (Entered: 05/13/2016) |
| 05/16/2016 | 59 | | MOTION Unopposed Motion for Leave to Depose an Incarcerated Witness by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 6/3/2016 (Ranum, Laura) (Entered: 05/16/2016) |
| 05/19/2016 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Defendants' Unopposed Motion for Leave to Depose an Incarcerated Witness 59 is ALLOWED. Defendants are granted leave to depose incarcerated witness Lamont Lee (No. 19258–026). (LB, ilcd) (Entered: 05/20/2016) |
| 05/23/2016 | 60 | | RESPONSE to Motion re 56 MOTION for Leave to File *Second Amended Complaint* filed by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. (Ranum, Laura) (Entered: 05/23/2016) |
| 05/24/2016 | 61 | | Exhibit re 60 Response to Motion, *in Opposition to Plaintiffs Motion for Leave to File a Second Amended Complaint* by Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, |

| | | | |
|---|---|---|---|
| | | | deceased, Terry Pyatt. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Ekl, Elizabeth) (Entered: 05/24/2016) |
| 05/24/2016 | | | NOTICE OF HEARING: Telephonic hearing concerning discovery issues set Wednesday, 5/25/2016, at 3:00 PM before U.S. Magistrate Judge Tom Schanzle–Haskins. (LB, ilcd) (Entered: 05/24/2016) |
| 05/25/2016 | 62 | | MOTION to Withdraw *Appearance of Andrew J. Grill* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 6/13/2016 (Sotos, James) (Entered: 05/25/2016) |
| 05/25/2016 | | | MINUTE ENTRY for proceedings held before U.S. Magistrate Judge Tom Schanzle–Haskins. Telephonic conference held with counsel for Plaintiff, Elizabeth Mazur, and counsel for Defendants, Laura Ranum. Discussion held regarding several discovery issues. Parties present agreement as to discovery of Defendants' financial information. Parties are advised to file joint motion regarding deferral of discovery of Defendants' financial information until after ruling on dispositive motions. Defendants plan to issue third party subpoenas to Plaintiff's counsel in his pending dissolution of marriage proceeding, as well as Illinois Department of Corrections seeking, among other things, all telephone records of Plaintiff and witnesses while incarcerated. Parties advised of possible objections to those subpoenas. The Court indicated no ruling would be made without specific written objections presented to the Court. (LB, ilcd) (Entered: 05/25/2016) |
| 05/26/2016 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Motion to Withdraw Appearance of Andrew J. Grill 62 ALLOWED. (LB, ilcd) (Entered: 05/26/2016) |
| 05/27/2016 | 63 | | MOTION Defendants Unopposed Motion for Leave to Depose a Witness Outside of the Discovery Deadline by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 6/13/2016 (Attachments: # 1 Exhibit A)(Ranum, Laura) (Entered: 05/27/2016) |
| 05/31/2016 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Defendants' Unopposed Motion for Leave to Depose a Witness Outside of the Discovery Deadline 63 ALLOWED. (LB, ilcd) (Entered: 05/31/2016) |
| 06/01/2016 | 64 | | MOTION to Amend/Correct *Agreed Motion to Amend the Scheduling Order Regarding Punitive Damages Discovery* by Plaintiff Christopher Coleman. Responses due by 6/20/2016 (Attachments: # 1 Exhibit A – Defendants' 10–23–15 RFP Response)(Mazur, Elizabeth) (Entered: 06/01/2016) |
| 06/02/2016 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. The Agreed Motion to Amend the Scheduling Order Regarding Punitive Damages Discovery 64 is ALLOWED. The Scheduling Order 27 is hereby amended as follows: (1) Defendants have until 21 days after any dispositive motions are decided to respond to Plaintiff's Request for Production, Nos. 33–34; provided, however, that if no dispositive motions are filed, Defendants have until 21 days after the deadline for filing dispositive motions to respond to Plaintiff's Requests for Production, Nos. 33–44; and (2) the parties may seek the Court's assistance to resolve any disputes that may exist over those requests at that |

| | | | |
|---|---|---|---|
| | | | time. The response requirements for all other discovery requests, the deadlines for completing all other discovery, and all other provisions of the Scheduling Order are not affected by this Text Order. (LB, ilcd) (Entered: 06/02/2016) |
| 06/02/2016 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Plaintiff's Motion for Leave to File Second Amended Complaint 56 (Motion) is ALLOWED IN PART. Plaintiff's request to add Count XI is DENIED. The remainder of the Motion is ALLOWED. Plaintiff demonstrates good cause under Fed. R. Civ. P. 16(b) to allow the Motion after the deadline for amending pleadings. Plaintiff's proposed amendments are based on information secured in discovery responses on December 10, 2015, and in a Rule 30(b)(6) deposition on April 27, 2016. Plaintiff diligently secured the information and filed the Motion promptly on May 5, 2016. Because Plaintiff shows good cause under Rule 16, this Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Count XI asserts a claim in the alternative if the rest of the proposed amended pleadings are not allowed. Motion, 13. The Court allows the remainder of the amended pleadings, so Count XI is unnecessary. The Plaintiff is directed to file the proposed amended complaint without the proposed Count XI by June 17, 2016. Current Defendants are directed to respond by July 6, 2016. The response time for the new Defendant Ronald Heinz will be in accordance with Fed. R. Civ. P. 12(a). (LB, ilcd) (Entered: 06/02/2016) |
| 06/03/2016 | | | Set/Reset Deadlines: Amended Pleadings due by 6/17/2016. Responses due by 7/6/2016. (LN, ilcd) (Entered: 06/03/2016) |
| 06/06/2016 | 65 | | RESPONSE to Motion re 58 MOTION to Compel *Discovery* filed by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Lejcar, Jordan) (Entered: 06/06/2016) |
| 06/08/2016 | 66 | | MOTION to Quash *Defendants Subpoenas to IDOC and for a Protective Order* by Plaintiff Christopher Coleman. Responses due by 6/27/2016 (Attachments: # 1 Exhibit A – Subpoenas, # 2 Exhibit B – Washington Post Article)(Mazur, Elizabeth) (Entered: 06/08/2016) |
| 06/09/2016 | 67 | | STATUS REPORT *Regarding Plaintiff's Proposed Second Amended Complaint* by Christopher Coleman. (Mazur, Elizabeth) (Entered: 06/09/2016) |
| 06/09/2016 | 68 | | MOTION Unopposed Motion for Leave to Depose an Incarcerated Witness by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 6/27/2016 (Lejcar, Jordan) (Entered: 06/09/2016) |
| 06/09/2016 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Defendants' Unopposed Motion for Leave to Depose an Incarcerated Witness 68 ALLOWED. (LB, ilcd) (Entered: 06/09/2016) |
| 06/10/2016 | 69 | | NOTICE of Appearance of Attorney by Daniel J Stohr on behalf of DANA HOLLAND (Stohr, Daniel) (Entered: 06/10/2016) |
| 06/10/2016 | 70 | | MOTION to Quash *Subpoena to IDOC* by Interested Party DANA HOLLAND. Responses due by 6/27/2016 (Stohr, Daniel) (Entered: 06/10/2016) |

| 06/17/2016 | 71 | MOTION to Compel *Plaintiff's Criminal Defense File* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 7/5/2016 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Ranum, Laura) (Entered: 06/17/2016) |
|---|---|---|
| 06/24/2016 | 72 | MOTION for Extension of Time to File Response/Reply *to Motions to Quash* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 7/11/2016 (Ranum, Laura) (Entered: 06/24/2016) |
| 06/24/2016 |  | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Defendants' Motion for Extension of Time to Respond to Motions to Quash 72 ALLOWED. Extension granted to 6/29/2016 to respond to Motions to Quash 66 70 . (LB, ilcd) (Entered: 06/24/2016) |
| 06/29/2016 | 73 | RESPONSE to Motion re 71 MOTION to Compel *Plaintiff's Criminal Defense File* filed by Plaintiff Christopher Coleman. (Mazur, Elizabeth) (Entered: 06/29/2016) |
| 06/29/2016 | 74 | RESPONSE to Motion re 70 MOTION to Quash *Subpoena to IDOC*, 66 MOTION to Quash *Defendants Subpoenas to IDOC and for a Protective Order* filed by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Ranum, Laura) (Entered: 06/29/2016) |
| 06/30/2016 | 75 | Joint MOTION for Leave to File *A Reply In Support of Plaintiff's Motion to Quash and Dana Holland's Motion to Quash* by Plaintiff Christopher Coleman. Responses due by 7/18/2016 (Mazur, Elizabeth) (Entered: 06/30/2016) |
| 07/01/2016 | 76 | MOTION Defendants Unopposed Motion for Leave to Depose Three Witnesses Outside of the Discovery Deadline by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 7/18/2016 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Lejcar, Jordan) (Entered: 07/01/2016) |
| 07/06/2016 | 77 | MOTION *Unopposed for Leave to Seal Exhibits and Substitute Redacted Public Version* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 7/25/2016 (Attachments: # 1 Exhibit Group Exhibit 1)(Ranum, Laura) (Entered: 07/06/2016) |
| 07/07/2016 | 78 | Exhibit re 75 Joint MOTION for Leave to File *A Reply In Support of Plaintiff's Motion to Quash and Dana Holland's Motion to Quash* by Christopher Coleman. (Attachments: # 1 Exhibit Proposed Joint Reply of Christopher Coleman and Dana Holland In Support of Their Motions to Quash, # 2 Exhibit Exhibit A to Proposed Joint Reply, # 3 Exhibit Exhibit B to Proposed Joint Reply, # 4 Exhibit Exhibit C to Proposed Joint Reply)(Mazur, Elizabeth) (Entered: 07/07/2016) |
| 07/12/2016 |  | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Defendants' Unopposed Motion for Leave to Depose Three Witnesses Outside of the |

| | | | |
|---|---|---|---|
| | | | Discovery Deadline 76 is ALLOWED. Defendants are given leave to depose Corey Pastoriza, Elbert Nickerson, and Thomika Young outside of the close of fact discovery. (LB, ilcd) (Entered: 07/12/2016) |
| 07/13/2016 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Defendants' Unopposed Motion for Leave to Seal Exhibits and Substitute Redacted Public Version 77 is ALLOWED. Clerk is directed to SEAL the previously filed Exhibits A, B, and K to Defendants Response to Motions to Quash Defendants' Subpoenas to IDOC and Plaintiff's Motion for a Protective Order 74 and to substitute the redacted versions attached as Exhibit 1 to Defendants' Unopposed Motion for Leave to Seal 77 . (LN, ilcd) (Entered: 07/13/2016) |
| 07/13/2016 | 79 | | Redacted Exhibits A, B, and K as to 74 Response to Motion. (LN, ilcd) (Entered: 07/13/2016) |
| 07/14/2016 | 80 | | Exhibit re 74 Response to Motion,, *Exhibit L – Relevant Excerpts of Kim Coleman Deposition* by Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. (Ranum, Laura) (Entered: 07/14/2016) |
| 07/14/2016 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins: Defendants' Motion to Compel Plaintiff's Criminal Defense File 71 is DENIED as moot. Plaintiff has produced the material sought by the Motion. See Plaintiff's Response to Defendants' Motion to Compel 73 , 3. (LB, ilcd) (Entered: 07/14/2016) |
| 07/19/2016 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Motion of Christopher Coleman and Dana Holland for Leave to File a Reply 75 is ALLOWED, no response being filed. Clerk is directed to docket the Reply of Christopher Coleman and Dana Holland in Support of Their Motions to Quash [78–1]. (LN, ilcd) (Entered: 07/19/2016) |
| 07/19/2016 | 81 | | REPLY to Response to 66 MOTION to Quash *Defendants Subpoenas to IDOC and for a Protective Order* and 70 MOTION to Quash *Subpoena to IDOC* filed by Plaintiff Christopher Coleman, Interested Party DANA HOLLAND. (LN, ilcd) (Entered: 07/19/2016) |
| 07/22/2016 | 82 | | OPINION entered by U.S. Magistrate Judge Tom Schanzle–Haskins. Plaintiff Christopher Coleman's Motion to Compel Discovery 58 is DENIED. See written order. (LB, ilcd) (Entered: 07/22/2016) |
| 07/22/2016 | 83 | | OPINION entered by U.S. Magistrate Judge Tom Schanzle–Haskins. Plaintiff's Motion to Quash Defendants' Subpoena to IDOC and for a Protective Order 66 and Third Party Dana Holland's Motion to Quash Defendants' Subpoena to the Illinois Department of Corrections for Audio Recordings of Dana Holland's Telephone Calls 70 are ALLOWED IN PART. The requests to quash the subpoenas are denied; however, the material produced pursuant to the subpoenas shall be Confidential Information subject to the terms of the Confidential Matter Protective Order entered August 17, 2015 30 . See written Opinion. (LB, ilcd) (Entered: 07/22/2016) |
| 07/26/2016 | 84 | | MOTION to Withdraw as Attorney *Jordan A. Lejcar* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 8/12/2016 (Lejcar, Jordan) (Entered: 07/26/2016) |

| | | | |
|---|---|---|---|
| 07/26/2016 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Motion to Withdraw Appearance of Jordan A. Lejcar 84 ALLOWED. Attorney Jordan Ann Lejcar terminated as counsel in this case. (LB, ilcd) (Entered: 07/26/2016) |
| 08/11/2016 | 85 | | MOTION Defendants Unopposed Motion for Leave to Depose an Expert Outside the Date Set by this Court by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 8/29/2016 (Ranum, Laura) (Entered: 08/11/2016) |
| 08/11/2016 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Defendants' Unopposed Motion for Leave to Depose an Expert Outside the Date set by this Court 85 is ALLOWED. Leave to depose Dr. Gaut on 8/30/2016 is granted. (LB, ilcd) (Entered: 08/11/2016) |
| 09/27/2016 | 86 | | ORDER entered by Judge Sara Darrow on September 27, 2016. Defendants' 35 Motion to Bifurcate and Stay Discovery and Trial of Plaintiffs Municipal Liability Claims is DENIED, and Defendants' renewed 52 motion to dismiss Count IV of the Amended Complaint is GRANTED. (SC, ilcd) (Entered: 09/27/2016) |
| 10/12/2016 | | | MINUTE ENTRY for proceedings held before U.S. Magistrate Judge Tom Schanzle–Haskins. Telephonic status conference held with counsel for Plaintiff, Elizabeth Mazur, and counsel for Defendants, Laura Ranum, at the parties' request. Plaintiff's counsel makes oral motion to extend scheduling deadlines and presents proposed extensions to the current deadlines and settings. Defendants' counsel objects to the proposed dates. The Court orders the Plaintiff to file with the Court and serve Defendants' counsel a proposed discovery schedule and amended discovery requests, if any, by Monday, 10/17/2016. Defendants' counsel shall respond to Plaintiff's proposed discovery schedule and file their response with the Court by Wednesday, 10/19/2016. Additional telephonic status conference with Attorneys Mazur and Ranum set Monday, 10/24/2016, at 9:30 a.m. (Court will place call.) (LB, ilcd) (Entered: 10/12/2016) |
| 10/17/2016 | 87 | | MOTION to Modify the Court's Scheduling Order by Plaintiff Christopher Coleman. Responses due by 11/3/2016 (Attachments: # 1 Exhibit A – 10–17–2016 RFPs to City of Peoria, # 2 Exhibit B – 10–11–2016 Email from Ranum, # 3 Exhibit C – Rule 30(b)(6) Deposition Documents)(Mazur, Elizabeth) (Entered: 10/17/2016) |
| 10/19/2016 | 88 | | RESPONSE to Motion re 87 MOTION to Modify the Court's Scheduling Order filed by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. (Attachments: # 1 Exhibit A)(Ranum, Laura) (Entered: 10/19/2016) |
| 10/24/2016 | | | MINUTE ENTRY for proceedings held before U.S. Magistrate Judge Tom Schanzle–Haskins. Telephonic status conference held with counsel for Plaintiff, Elizabeth Mazur, and counsel for Defendants, Laura Ranum. Before the Court is Plaintiff's Motion to Modify the Court's Scheduling Order 87 and Defendants' Response 88 . Plaintiff's Motion 87 is ALLOWED in part. All Monell fact discovery is to be completed by 2/24/2017. Plaintiff's Monell expert disclosure due by 3/24/2017, deposition by 4/24/2017. Defendants' Monell expert disclosure due by 5/24/2017, deposition by 6/23/2017. Monell |

| | | | |
|---|---|---|---|
| | | | expert discovery closes 6/23/2017. Dispositive motions deadline extended to 8/24/2017. Final pretrial conference set 4/18/2017 is CANCELLED and reset 12/12/2017 at 10:00 a.m. before U.S. District Judge Sara Darrow. Jury trial set 6/5/2017 is CANCELLED and reset 1/29/2018 at 9:00 a.m. before Judge Darrow. Counsel for Defendants informs the Court of trial scheduled before U.S. District Judge Mihm in Peoria on 1/8/2018 which could last one week or more. Court indicates potential conflict in trial dates should be dealt with at a time closer to actual trial settings. Telephonic status conference set 12/15/2016 is CANCELLED and reset Tuesday, 7/11/2017, at 11:00 a.m. before Magistrate Judge Schanzle–Haskins (Court will place call.) (LB, ilcd) (Entered: 10/24/2016) |
| 01/30/2017 | 89 | | NOTICE of Appearance of Attorney by Sara J Schroeder on behalf of Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt (Schroeder, Sara) (Entered: 01/30/2017) |
| 02/23/2017 | 90 | | MOTION Defendant's Agreed Motion for Leave to Depose a Fact Witness Outside the Date Set by This Court by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 3/9/2017 (Ranum, Laura) (Entered: 02/23/2017) |
| 02/24/2017 | | | TEXT ORDER entered by U.S. Magistrate Judge Tom Schanzle–Haskins. Defendant's Agreed Motion for Leave to Depose a Fact Witness Outside the Date Set by This Court 90 ALLOWED. (LB, ilcd) (Entered: 02/28/2017) |
| 04/07/2017 | 91 | | MOTION for Leave to File *Second Amended Complaint* by Plaintiff Christopher Coleman. Responses due by 4/21/2017 (Attachments: # 1 Exhibit A – Proposed Second Amended Complaint, # 2 Exhibit B – Plaintiff's Letter, # 3 Exhibit C – Defendants' Response)(Heppell, D) (Entered: 04/07/2017) |
| 04/21/2017 | 92 | | RESPONSE to Motion re 91 MOTION for Leave to File *Second Amended Complaint* filed by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. (Ranum, Laura) (Entered: 04/21/2017) |
| 05/10/2017 | 93 | | ORDER entered by Judge Sara Darrow on May 10, 2017. Plaintiff's 91 motion to amend his complaint is GRANTED. Plaintiff is directed to file his proposed amended complaint, as attached to his motion, immediately. (SC, ilcd) (Entered: 05/10/2017) |
| 05/10/2017 | 94 | | AMENDED COMPLAINT *Second Amended Complaint* against Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt, filed by Christopher Coleman.(Mazur, Elizabeth) (Entered: 05/10/2017) |
| 05/24/2017 | 95 | | ANSWER to 94 Amended Complaint *and Affirmative Defenses* by Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt.(Ekl, Elizabeth) (Entered: 05/24/2017) |
| 05/25/2017 | 96 | | MOTION for Leave to File *Defendants' Unopposed Motion for Leave to File Instanter Motion to Dismiss Count IV of Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(6)* by Defendants Timothy Anderson, City of |

| | | | |
|---|---|---|---|
| | | | Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 6/8/2017 (Attachments: # 1 Exhibit A)(Ekl, Elizabeth) (Entered: 05/25/2017) |
| 05/30/2017 | | | TEXT ORDER entered by Judge Sara Darrow on May 30, 2017. Defendants 96 seek leave to file one day late a motion to dismiss Count IV of Plaintiff's 94 Second Amended Complaint. The unopposed motion is GRANTED. The Clerk is directed to file the proposed motion, attached as Exhibit A to Defendants' 96 motion, as a separate docket entry. Plaintiff has until June 13, 2017 to respond. (SC, ilcd) (Entered: 05/30/2017) |
| 05/31/2017 | 97 | | DEFENDANTS' MOTION TO DISMISS COUNT IV OF PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 6/13/2017 (LN, ilcd) (Entered: 05/31/2017) |
| 05/31/2017 | | | Set/Reset Deadlines: Responses due by 6/13/2017 (LN, ilcd) (Entered: 05/31/2017) |
| 06/13/2017 | 98 | | RESPONSE to Motion re 97 MOTION filed by Plaintiff Christopher Coleman. (Attachments: # 1 Exhibit A)(Mazur, Elizabeth) (Entered: 06/13/2017) |
| 07/06/2017 | 99 | | NOTICE of Appearance of Attorney by Lisa Marie Meador on behalf of Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt (Meador, Lisa) (Entered: 07/06/2017) |
| 07/11/2017 | | | MINUTE ENTRY for proceedings held before U.S. Magistrate Judge Tom Schanzle–Haskins. Telephonic status conference held with counsel for Plaintiff, Elizabeth Mazur, and counsel for Defendants, Elizabeth Ekl. Discussion held regarding setting this case for mediation. Parties report that no settlement negotiations are outstanding. Defendants' counsel advises that Defendants will file a motion to extend the dispositive motion deadline. Parties to contact the Court for scheduling of mediation if parties deem such appropriate. (LB, ilcd) (Entered: 07/11/2017) |
| 07/11/2017 | 100 | | MOTION for Extension of Time to File *Defendants' Motion for Summary Judgment* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 7/25/2017 (Ekl, Elizabeth) (Entered: 07/11/2017) |
| 07/12/2017 | 101 | | RESPONSE to Motion re 100 MOTION for Extension of Time to File *Defendants' Motion for Summary Judgment* filed by Plaintiff Christopher Coleman. (Attachments: # 1 Exhibit A – Kluppelberg Order, # 2 Exhibit B – Email from Mazur, # 3 Exhibit C – Email from Ranum)(Mazur, Elizabeth) (Entered: 07/12/2017) |
| 07/13/2017 | | | TEXT ORDER entered by U.S. Magistrate Judge Tom Schanzle–Haskins. Defendants' Motion for Extension of Time 100 is ALLOWED over the objections of Plaintiff. The Court finds the reasons stated in the Motion demonstrate both good cause and due diligence on behalf of Defendants seeking to modify the Court's Scheduling Order. Dispositive motions deadline extended to 10/20/2017. Final Pretrial Conference set 12/12/2017 is CANCELLED and reset 1/16/2018 at 10:30 AM before U.S. District Judge |

| | | | |
|---|---|---|---|
| | | | Sara Darrow. Jury Trial set 1/29/2018 is CANCELLED and reset 2/26/2018 at 9:00 AM before Judge Darrow. (LB, ilcd) (Entered: 07/13/2017) |
| 07/14/2017 | 102 | | MOTION for Leave to File *Third Party Complaint* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 7/28/2017 (Attachments: # 1 Exhibit 1)(Jennetten, Peter) (Entered: 07/14/2017) |
| 07/25/2017 | 103 | | NOTICE of Appearance of Attorney by Peter R Jennetten on behalf of Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt (Jennetten, Peter) (Entered: 07/25/2017) |
| 07/25/2017 | 104 | | NOTICE of Appearance of Attorney by Jonathan A Stump on behalf of Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt (Stump, Jonathan) (Entered: 07/25/2017) |
| 07/26/2017 | 105 | | MOTION for Extension of Time to File Response/Reply as to 102 MOTION for Leave to File *Third Party Complaint* by Plaintiff Christopher Coleman. Responses due by 8/9/2017 (Mazur, Elizabeth) (Entered: 07/26/2017) |
| 08/02/2017 | 106 | | RESPONSE to Motion re 102 MOTION for Leave to File *Third Party Complaint* filed by Plaintiff Christopher Coleman. (Attachments: # 1 Exhibit A – emails re trial date)(Mazur, Elizabeth) (Entered: 08/02/2017) |
| 10/25/2017 | 107 | | MOTION for Leave to File *Summary Judgment Instanter (Unopposed)* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 11/8/2017 (Attachments: # 1 Exhibit A)(Ekl, Elizabeth) (Entered: 10/25/2017) |
| 10/25/2017 | 108 | | MOTION for Leave to File *Motion for Summary Judgment in Excess (Unopposed)* by Defendants Timothy Anderson, City of Peoria, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 11/8/2017 (Ekl, Elizabeth) (Entered: 10/25/2017) |
| 10/25/2017 | 109 | | Exhibit re 107 MOTION for Leave to File *Summary Judgment Instanter (Unopposed)* by Timothy Anderson, City of Peoria, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33)(Ekl, Elizabeth) (Entered: 10/25/2017) |
| 11/08/2017 | | | TEXT ORDER entered by Judge Sara Darrow on November 8, 2017. Defendants' 107 motion for leave to file a motion for summary judgment two days late is GRANTED, as is their 108 request for leave to exceed the type volume limitations in so doing. Plaintiff's response thereto is due three weeks from the date of this Order––November 29, 2017––and the reply, two weeks after that, on December 13, 2017. (SC, ilcd) (Entered: 11/08/2017) |

| | | | |
|---|---|---|---|
| 11/09/2017 | | | Set/Reset Deadlines: Responses due by 11/29/2017 and Replies due by 12/13/2017. (LN, ilcd) (Entered: 11/09/2017) |
| 11/29/2017 | 110 | | Exhibit List *in Opposition to Defendants' Motion for Summary Judgment* by Christopher Coleman. (Attachments: # 1 Exhibit 34 – COI Hearing Transcript, # 2 Exhibit 35 – McKay Dep, # 3 Exhibit 36 – Lineup Photos, # 4 Exhibit 37 – Heinz Dep, # 5 Exhibit 38 – Rabe's 8–23–94 Report, # 6 Exhibit 39 – Defs RTA Responses, # 7 Exhibit 40 – Hammer Dep 2–22–17, # 8 Exhibit 41 – Rabe's 9–28–94 Report, # 9 Exhibit 42 – Rabe's 2–5–95 Report, # 10 Exhibit 43 – Gaut Dep 8–30–16, # 11 Exhibit 44 – Peoria's Supp INT Response, # 12 Exhibit 45 – Curry Declaration, # 13 Exhibit 46 – Coats Testimony, # 14 Exhibit 47 – Pitcock Dep, # 15 Exhibit 48 – Geibelhausen Declaration, # 16 Exhibit 49 – Lavin Declaration, # 17 Exhibit 50 – Atkins Declaration, # 18 Exhibit 51 – Heppell Declaration, # 19 Exhibit 52 – O'Leary Declaration, # 20 Exhibit 53 – Coleman Declaration, # 21 Exhibit 54 – Hammer Dep 4–27–16, # 22 Exhibit 55 – Peoria's Response to 30b6 Dep Notice, # 23 Exhibit 56 – Snow Dep, # 24 Exhibit 57 – Pyatt's 8–22–94 Report, # 25 Exhibit 58 – Peoria's Response to 4–18–16 INT, # 26 Exhibit 59 – Hammer Dep 6–1–16, # 27 Exhibit 60 – Daniel Dep, # 28 Exhibit 61 – Plaintiff's 7–14–15 RFP, # 29 Exhibit 62 – Defs' 8–24–15 Transmission, # 30 Exhibit 63 – 12–10–15 Ranum email, # 31 Exhibit 64 – Bridges Dep, # 32 Exhibit 65 – Pastoriza Dep, # 33 Exhibit 66 – Miller Dep, # 34 Exhibit 67 – Miller Subpoena, # 35 Exhibit 68 – Rippy Dep, # 36 Exhibit 69 – Gaut Declaration + Reports, # 37 Exhibit 70 – Gaut Dep 4–19–17, # 38 Exhibit 71 – Hammer Dep 2–17–17, # 39 Exhibit 72 – Peoria's Resp to INT 9 + 10, # 40 Exhibit 73 – Craven Dep, # 41 Exhibit 74 – Korn Dep, # 42 Exhibit 75 – Kelly Dep, # 43 Exhibit 76 – D. Coleman Dep, # 44 Exhibit 77 – Lineup Data Sheets, # 45 Exhibit 78 – 2013 SDT to Peoria PD, # 46 Exhibit 79A – Tuttle Dep, # 47 Exhibit 79B – Exhibits to Tuttle Dep, # 48 Exhibit 80 – Cutler Declaration + Report)(Mazur, Elizabeth) (Entered: 11/29/2017) |
| 11/29/2017 | 111 | | MOTION for Leave to File *Oversized Summary Judgment Response Brief* by Plaintiff Christopher Coleman. Responses due by 12/13/2017 (Attachments: # 1 Exhibit A – Plaintiff's Response to Defendants' Motion for Summary Judgment)(Mazur, Elizabeth) (Entered: 11/29/2017) |
| 12/12/2017 | 112 | | MOTION for Extension of Time to File Response/Reply *(Unopposed)* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 12/26/2017 (Ranum, Laura) (Entered: 12/12/2017) |
| 12/13/2017 | | | TEXT ORDER entered by Judge Sara Darrow on December 13, 2017. Plaintiff's 111 unopposed motion for leave to file an oversized summary judgment response brief is GRANTED. Defendants' 112 unopposed motion for extension of time to file their reply in support of their motion for summary judgment is also GRANTED. Defendants' reply is due December 15, 2017. (KML, ilcd) (Entered: 12/13/2017) |
| 12/14/2017 | 113 | | MOTION to Strike *Declaration & Composite Photo of Chadwick Curry (Plaintiff's Exhibit 45)* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 12/28/2017 (Attachments: # 1 Exhibit Exhibit List, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2, # 4 Exhibit Exhibit 3, |

| | | | |
|---|---|---|---|
| | | | # <u>5</u> Exhibit Exhibit 4, # <u>6</u> Exhibit Exhibit 5)(Meador, Lisa) (Entered: 12/14/2017) |
| 12/15/2017 | <u>114</u> | | MOTION for Leave to File Excess Pages *Defendants' Motion for Leave to File Defendants' Reply in Support of Summary Judgment in Excess of Five Pages, Instanter, Pursuant to Local Rule 7.1* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 12/29/2017 (Attachments: # <u>1</u> Exhibit Defendant's Reply in Support of Summary Judgment)(Ranum, Laura) (Entered: 12/15/2017) |
| 12/15/2017 | <u>115</u> | | Exhibit *Defendants' Exhibit List and Exhibits to Defendants' Reply in Support of Summary Judgment* by Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. (Attachments: # <u>1</u> Exhibit Ex. 80, # <u>2</u> Exhibit Ex. 81)(Ranum, Laura) (Entered: 12/15/2017) |
| 12/17/2017 | <u>116</u> | | RESPONSE to Motion re <u>113</u> MOTION to Strike *Declaration & Composite Photo of Chadwick Curry (Plaintiff's Exhibit 45)* filed by Plaintiff Christopher Coleman. (Heppell, D) (Entered: 12/17/2017) |
| 01/03/2018 | | | TEXT ORDER entered by Judge Sara Darrow on January 3, 2018. The proposed final pretrial order is due by January 24, 2018. It shall conform in content and form to Local Rule 16.1(E) and Appendix 1 of this District's local rules. Witness lists shall be redacted and an unredacted list shall be filed separately using the event "Witness List." Jury instructions shall be e–filed in 3 separately–numbered parts: Agreed Instructions, Plaintiff's Instructions (to which Defendants object), and Defendants' Instructions (to which Plaintiff objects). The final pretrial conference is scheduled for 10:00 AM on January 30, 2018 in the Rock Island Courtroom. (HR, ilcd) (Entered: 01/03/2018) |
| 01/03/2018 | <u>117</u> | | NOTICE of Appearance of Attorney by Russell R Ainsworth on behalf of Christopher Coleman (Ainsworth, Russell) (Entered: 01/03/2018) |
| 01/18/2018 | <u>118</u> | | NOTICE of Appearance of Attorney by Jeffrey R Kivetz on behalf of Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt (Kivetz, Jeffrey) (Entered: 01/18/2018) |
| 01/22/2018 | | | Set/Reset Deadlines/Hearings: Jury Trial set for 2/26/2018 at 09:00 a.m. in the Rock Island Courtroom before Judge Sara Darrow. (ED, ilcd) (Entered: 01/22/2018) |
| 01/23/2018 | | | TEXT ORDER entered by Judge Sara Darrow on January 23, 2018. The Proposed Pretrial Order deadline, currently set for January 24, 2018, and the Final Pretrial Conference, currently set for January 30, 2018 at 10:00 AM, are VACATED, to be reset as necessary pending the resolution of the outstanding motion for summary judgment. (KML, ilcd) (Entered: 01/23/2018) |
| 01/25/2018 | <u>119</u> | | MOTION Defendants' UNOPPOSED Motion to Clarify This Court's Order of January 23, 2018 by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 2/8/2018 (Attachments: # <u>1</u> Exhibit List, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D)(Kivetz, Jeffrey) (Entered: 01/25/2018) |

| 01/26/2018 | | | TEXT ORDER entered by Judge Sara Darrow on January 26, 2018. The Jury Trial, currently set for February 26, 2018 at 9:00 AM, is VACATED. The pretrial and trial dates will be reset as necessary pending resolution of the outstanding motion for summary judgment. Defendants' 119 unopposed motion to clarify is MOOT. (KML, ilcd) (Entered: 01/26/2018) |
|---|---|---|---|
| 01/30/2018 | 120 | | MOTION to Withdraw *Appearance of Elizabeth A. Ekl* by Defendants Timothy Anderson, City of Peoria, Michael Ford, Michael Rabe as Executor of the Estate of Patrick K. Rabe, deceased, Terry Pyatt. Responses due by 2/13/2018 (Sotos, James) (Entered: 01/30/2018) |
| 01/31/2018 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Defendants' Motion to Withdraw Appearance of Elizabeth Ekl 120 is ALLOWED. Attorney Elizabeth Ekl is terminated as counsel for Defendants in this case. (LB, ilcd) (Entered: 01/31/2018) |
| 03/09/2018 | 121 | 29 | ORDER entered by Judge Sara Darrow on March 9, 2018. Defendants' motion for summary judgment, ECF No. 107–1, is GRANTED. Defendants are entitled to summary judgment on Counts I, II, III, IV, and V. Counts VI, VIII, IX, and X are DISMISSED WITHOUT PREJUDICE. Defendants' motion to dismiss Count IV of Plaintiff's second amended complaint, ECF No. 97, Defendants' motion for leave to file a third party complaint, ECF No. 102, Plaintiff's motion for extension of time to respond to Defendants' motion for leave to file, ECF No. 105, and Defendants' motion to strike Exhibit 45 of Plaintiff's Response, ECF No. 113, are MOOT. Defendants' motion for leave to file an oversize reply in support of their motion for summary judgment, ECF No. 114, is GRANTED. The Clerk is directed to enter judgment and close the case. (KML, ilcd) (Entered: 03/09/2018) |
| 03/13/2018 | 122 | 63 | JUDGMENT entered on 3/13/2018. (LN, ilcd) (Entered: 03/13/2018) |
| 04/05/2018 | 123 | 27 | NOTICE OF APPEAL as to 121 Order on Motion for Miscellaneous Relief, Order on Motion for Leave to File, Order on Motion for Extension of Time to File Response/Reply, Order on Motion to Strike, Order on Motion for Leave to File Excess Pages,,,,,,,,,,,,, by Christopher Coleman. Filing fee $ 505, receipt number 0753–2808752. (Mazur, Elizabeth) (Entered: 04/05/2018) |

E-FILED
Thursday, 05 April, 2018  10:14:18 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15-cv-1100-SLD-TSH |
| v. | ) | |
| | ) | |
| CITY OF PEORIA, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### NOTICE OF APPEAL

Notice is hereby given that Christopher Coleman, plaintiff-appellant in the above-named case, by his attorneys, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Memorandum Opinion and Order and final judgment of the United States District Court, Central District of Illinois, Rock Island Division, entered in this action on March 9, 2018 (Doc. No. 121) and March 13, 2018 (Doc. No. 122), respectively, dismissing plaintiff-appellant's complaint. Plaintiff Christopher Coleman also appeals from all other orders made appealable by entry of final judgment.

By this appeal, Plaintiff Christopher Coleman will ask the Court of Appeals to reverse the judgment, orders, and rulings of the District Court and grant such other relief as he may be entitled to on this appeal.

27

RESPECTFULLY SUBMITTED,

**CHRISTOPHER COLEMAN**

BY: /s/ Elizabeth Mazur

*One of Plaintiff's Attorneys*

Arthur Loevy

Jon Loevy

Elizabeth Mazur

Elliot Slosar

Sam Heppell

LOEVY & LOEVY

311 N Aberdeen, 3rd Fl.

Chicago, IL 60607

(312) 243-5900

Locke E. Bowman

RODERICK AND SOLANGE

MACARTHUR JUSTICE CENTER

Northwestern University School of Law

375 E. Chicago Avenue

Chicago, Illinois 60611

(312) 503-0844

J. Samuel Tenenbaum

BLUHM LEGAL CLINIC

Northwestern University School of Law

375 E. Chicago Avenue

Chicago, Illinois 60611

(312) 503-8576

## CERTIFICATE OF SERVICE

I, Elizabeth Mazur, an attorney, certify that on April 5, 2018, I served Plaintiff's Notice of Appeal on all counsel of record via the ECF system.

/s/Elizabeth Mazur

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CHRISTOPHER COLEMAN,          )
                                           )
         Plaintiff,           )
                                         )
v.                                    )
                                         )   Case No. 1:15-cv-01100-SLD-TSH
CITY OF PEORIA, MICHAEL RABE, in   )
the capacity as the executor of the ESTATE )
OF PATRICK K. RABE, TERRY PYATT,  )
TIMOTHY ANDERSON, MICHAEL     )
FORD, and other as-yet unidentified Peoria )
Police Officers,                )
                                         )
         Defendants.        )

<u>ORDER</u>

Before the Court are Defendants' motion for summary judgment, ECF No. 107-1;

Defendants' motion to dismiss Count IV of Plaintiff's second amended complaint, ECF No. 97;

Defendants' motion for leave to file a third party complaint, ECF No. 102; Plaintiff's motion for

extension of time to respond to Defendants' motion for leave to file, ECF No. 105; Defendants'

motion to strike Exhibit 45 of Plaintiff's response to the motion for summary judgment, ECF No.

113; and Defendants' motion for leave to file an oversize reply in support of their motion for

summary judgment, ECF No. 114.  For the reasons that follow, Defendants' motion for summary

judgment is GRANTED; Defendants' motion to dismiss is MOOT; Defendants' motion for leave

to file a third party complaint is MOOT; Plaintiff's motion for extension of time is MOOT;

Defendants' motion to strike Plaintiff's Exhibit 45 is MOOT; and Defendants' motion for leave

to file an oversize reply is GRANTED.

1

# BACKGROUND[1]

## I.      The Parties

Plaintiff Christopher Coleman (also known as "Fats") was arrested, prosecuted, and convicted of an armed robbery and sexual assault that took place in Peoria, Illinois, on August 22, 1994 ("Miller home invasion"). At the time he was arrested, Plaintiff lived in the Warner Homes housing project in Peoria.

In August 1994, Patrick Rabe, now deceased; Defendant Terry Pyatt; Defendant Timothy Anderson; and Defendant Michael Ford were employed by Defendant City of Peoria ("the City") and worked for the Peoria Police Department ("PPD"). Rabe and Pyatt were detectives assigned to violent crimes. Rabe was the lead investigator on the Miller home invasion and Pyatt was assigned to assist him. Anderson, a patrol officer, and Ford, a sergeant, were assigned to the public housing walking beat.

## II.     Miller Home Invasion

At approximately 2:40 a.m., on August 22, 1994, at least five men broke into a home in Peoria, Illinois. The men, some armed with guns, ransacked the home looking for money and terrorized the occupants. The occupants were thrown to the ground, beaten, and kicked. One was knifed and one was raped. At first, the perpetrators all wore scarves masking their faces, but eventually some of them removed their masks.

---

[1] At summary judgment, a court "constru[es] the record in the light most favorable to the nonmovant and avoid[s] the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). The facts related here are, unless otherwise noted, taken from Defendants' statement of undisputed material facts, Defs.' Mot. Summ. J., ECF No. 107-1; from Plaintiff's disputed material and immaterial facts and additional material facts, Pl.'s Resp. Mot. Summ. J., ECF No. 111-1; from Defendants' reply thereto, Defs.' Reply, ECF No. 114-1; and from the exhibits to the motions. Where the parties disagree about the facts, the Court views the evidence in the light most favorable to Plaintiff, the non-moving party, and draws all reasonable inferences in his favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)).

Police first arrived at the scene at approximately 3:10 a.m. Officer Edward Gaffney was one of the first officers to arrive. Two of the perpetrators, Robert Nixon and James Coats, were arrested and identified. The other perpetrators fled before police arrived. Rabe arrived shortly thereafter. Some of the victims, including Bertha Miller and one of her daughters, Tequilla Miller, were taken to the police station. Tekelia Miller, Tequilla Miller's sister, was taken to the hospital.[2]

### III.    Buckley Home Invasion

At the time of the Miller home invasion, the PPD was already investigating several other home invasions with a similar modus operandi, including one that occurred earlier that morning. At approximately 2:10 a.m., on August 22, 1994, Officer Douglas Theobald arrived at Yolanda Buckley's house in Peoria, Illinois in response to her 911 call. Four men had forced their way into her home, placed a pillow case over her head, struck her with a gun, and ransacked her home stealing money, a bike, and a stereo.

### IV.    Plaintiff's Arrest for the Buckley Home Invasion

Defendants claim that while police were processing Buckley's home, Theobald was notified of a Crime Stoppers tip that "Chris Coleman" was observed with three other males exiting a car and carrying a stereo into an apartment in the Warner Homes. Defs.' Mot. Summ. J. Undisputed Material Facts (UMF) ¶ 32, ECF No. 107-1. Crime Stoppers was an anonymous crime reporting service. Defendants claim that on the basis of the tip, Theobald proceeded to arrest Plaintiff at this apartment in the Warner Homes and take him to the police station.[3] *Id.*

---

[2] The Court will hereinafter refer to Tequilla Miller as "Miller." When discussing other members of the Miller family, including Tekelia Miller and Bertha Miller, these individuals will be referred to by their full names.

[3] Plaintiff disputes the tip's existence, Pl.'s Resp. Disputed Immaterial Facts ¶ 32, but does not dispute that Theobald arrested him at the Warner Homes after the Buckley home invasion occurred.

Theobald did not find a stereo in the apartment. Although it was standard police practice to note the time of arrest in a police report, Theobald did not note in his report what time he arrested Plaintiff. Plaintiff's girlfriend subsequently testified that it occurred between 2:45 and 3:00 a.m. on August 22, 1994.

## V. Investigation of the Miller Home Invasion

At approximately 4:00 a.m., on August 22, 1994, the victims of the Miller home invasion were interviewed at the police station. They were not shown any photos or lineups. Miller told Rabe that the perpetrators looked familiar to her from when she lived in the Warner Homes. After the interviews, the victims proceeded to leave the station. While in the hallway, Miller turned around and saw Plaintiff and Robert Nixon a couple of feet away.[4] Upon seeing the men, she said to unnamed officers, "Well, there goes two of them dudes that was at our house." Tr. Hr'g Mot. Suppress 6:20–21, Defs.' Mot. Summ. J. Ex. 9, ECF No. 109-9. Rabe was not in the hallway when this occurred, but Miller later told him about the incident. Rabe did not note the incident in his report.

Miller returned to the police station around noon that same day to view photos of possible suspects. Rabe asked Ford and Anderson to join him because they worked the Warner Homes beat and Miller had said she recognized the perpetrators from the Warner Homes. Plaintiff claims that before showing Miller any photos, the officers suggested various names of possible suspects to her, including Plaintiff's. Pl.'s Resp. Additional Material Facts (AMF) ¶¶ 23–24, 26, ECF No. 111-1. Defendants claim that this occurred outside of Miller's presence and that she did not learn Plaintiff's name until after she identified his photo. Defs.' Mot. Summ. J. UMF ¶

---

[4] Miller later identified the two men she saw in the hallway as "Fats" and "Bologna Face." The latter is Robert Nixon's nickname.

42.  Based on the suggested names of possible suspects, Rabe put together some photo arrays. From the photo arrays, Miller identified Elbert Nickerson,[5] Mark Roberson, and twelve-year-old Anthony Brooks.  Rabe also showed Miller some photos on the computer from a "cold search" of photos of people previously arrested in the county.  Trial Tr. Apr. 5, 1995 57:22–58:2, Defs.' Mot. Summ. J. Ex. 2, ECF No. 109-2.  Plaintiff's photo "inadvertently . . . c[a]me up" on the computer and Miller identified him as one of the perpetrators.  *Id.*  Then officers told her, "Well, we picked them up last night."  Tr. Hr'g Mot. Suppress 9:7–10.

## VI.     Brooks's Statements to Police

After Miller identified Brooks, Anderson and Ford went out to arrest him and bring him in for questioning.  At approximately 4:15 p.m., on August 22, 1994, Rabe interrogated Brooks at the police station without an attorney or parent.  Rabe told Brooks that he had been identified as a perpetrator of the Miller home invasion.  Rabe showed Brooks multiple photos, including Plaintiff's.  Rabe pointed at Plaintiff's photo and said he was the ringleader.  Rabe repeatedly threatened Brooks that he would spend the rest of his life in prison and would never see his family again if he did not implicate himself and Plaintiff in the Miller home invasion, but if he did, he could go home on probation.  In response to Rabe's threats, Brooks implicated himself, Plaintiff, the two other men whose photos Miller had also identified (Nickerson and Roberson), as well as Robert Nixon and James Coats (the perpetrators arrested at the scene).

About a month later, Brooks returned to the police station.  He met with Rabe and told him that his previous statement, implicating himself and Plaintiff in the Miller home invasion, was false.

---

[5] Nickerson's first name is "Albert" in some of the documents in the record and "Elbert" in others.  Plaintiff refers to him as Elbert Nickerson in his brief.  The Court will use this spelling for the sake of consistency.

## VII.    Live Lineup Identification of Plaintiff

Later in the day on August 22, 1994, police arranged a live lineup, which included Plaintiff and three fillers from the Peoria County Jail.  Before the lineup occurred, all the home invasion victims (including those from both the Miller and Buckley home invasions) were placed in one room where some of the victims were talking about their experiences.  Some of them mentioned that "Fats" was one of the perpetrators.

Rabe and Pyatt conducted the lineups.  Miller viewed the lineup at about 4:48 p.m.  Pyatt and/or Rabe told Miller: "[W]e are not going to tell you who to pick"; "We are not going to tell you who all is in the lineup"; "Go in there and just pick out whoever you saw in the photos, you know, if those are the people"; "One of these people [is the person] you picked out in the photo, and the rest are volunteers"; and "Pick out the person that you think was the one."  Tr. Hr'g Mot. Suppress 10:11–11:3.  Miller identified Plaintiff as one of the perpetrators.

## VIII.   Lineup Photo

After the lineup, Plaintiff and the three fillers went into the holding cell area where they were photographed.  Defendant officers did not note in their reports that a lineup photo was taken.  Nor did they formally tag prints of the lineup photo into evidence.  The photo shows that Plaintiff was the only lineup participant not wearing a yellow wristband.  The yellow wristbands were worn by persons incarcerated at the Peoria County Jail.

Defendants claim that lineup participants were instructed to keep their wrists concealed.  Defs.' Mot. Summ. J. UMF ¶ 67.  Plaintiff claims it was impossible for participants to conceal their wrists because the lineup procedure in 1994 was for each participant to do a full 360-degree turn in front of the viewing window.  Pl.'s Resp. Disputed Material Facts (DMF) ¶ 67; Pl.'s

Resp. AMF ¶ 37.  Plaintiff claims that the wristbands would have been visible to Miller when she viewed the lineup containing Plaintiff.  Pl.'s Resp. AMF ¶ 36.

IX.     **Plaintiff's Criminal Case**

Following a grand jury proceeding in September 1994, Plaintiff was indicted on the charges of armed robbery, aggravated criminal sexual assault, home invasion, and residential burglary in relation to the Miller home invasion.  Plaintiff was also charged in three other home invasions, including the one he was originally arrested for (the Buckley home invasion).

a.  **Discovery**

In all four cases, Plaintiff was represented by James Shadid.  Peoria County Assistant State's Attorney Albert Purham was assigned to prosecute the cases.  Both were deposed in relation to this litigation.

Purham had an open file policy with Shadid and would have disclosed to Shadid everything that he received from the PPD.  In this litigation, both Shadid and Purham testified that they do not recall whether they requested or saw the lineup photo as part of the Miller home invasion case.  Shadid no longer possesses the files related to his representation of Plaintiff in the four home invasions cases.  The prosecutor's file for the Miller home invasion case against Plaintiff still exists—it does not contain a copy of the lineup photo.

In discovery for this litigation, the lineup photo was ultimately located in the PPD's files in an envelope in the case file for one of the other home invasions; it was not in the file for the Miller home invasion.  In 1994, in addition to the lineup photo, the PPD took photos of the crime scene at the Miller home.  Those photos were stored in an envelope bearing a notation that the photos were tendered to the prosecutor.  No such notation exists on the envelope in which the lineup photo was located.

### b. Plaintiff's Alibi

In February of 1995, Plaintiff's then girlfriend, Shondra Dunn, went to the police station and spoke with Rabe. She told him that she was with Plaintiff from 10:30 p.m. on August 21, 1994, up until the time that he was arrested on the morning of August 22, 1994.

### c. Motion to Suppress Photo and Lineup Identification

Plaintiff moved to suppress the photo and lineup identifications made by Miller. Mot. Suppress, Defs.' Mot. Summ. J. Ex. 25, ECF No. 109-25. The motion was denied following a hearing on April 3, 1995. At the suppression hearing, Miller testified about the details of the home invasion and the perpetrators, the circumstances of her identification of Plaintiff in the hallway of the police station, her interviews at the police station, her identifications of Plaintiff from photos and the live lineup, her communications with Defendant officers during the identification procedures, and her knowledge of Plaintiff before the home invasion. Miller testified that she picked Plaintiff's photo and identified him in the live lineup because he was the same person she saw at her house on August 22, 1994. Miller also identified Plaintiff in court as the person she saw in her house that night.

### d. Trial

Plaintiff's criminal jury trial began on April 4, 1995. Among the witnesses who testified for the State were Miller, Bertha Miller, Tekelia Miller, Gaffney, Brooks, and Rabe. Miller made an in-court identification of Plaintiff. Trial Tr. Apr. 4, 1995 41:23–42:16, Defs.' Mot. Summ. J. Ex. 7, ECF No. 109-7. She testified that she recognized Plaintiff when he removed his mask while inside the home. Bertha Miller also identified Plaintiff as one of the perpetrators, testifying that, although she did not see his face, she recognized his voice and unusual walk. Brooks testified that he was on juvenile probation for his involvement in the Miller home

8

invasion, that Plaintiff did not participate in the home invasion, but that he had falsely accused Plaintiff of being involved because Rabe pressured him. Rabe testified that Brooks implicated Plaintiff in the home invasion and that he did not pressure him to do so.

The defense called Robert Nixon, Shondra Dunn, and Tamika Young. Nixon, who had already pleaded guilty to the Miller home invasion, testified that Plaintiff was not present. Dunn testified that she was with Plaintiff on the night of August 21, 1994, and the morning of August 22, 1994 at an apartment in the Warner Homes, when police arrived to arrest him. Young testified that she saw Plaintiff at the same apartment during the late night hours of August 21, 1994, and the early morning hours of August 22, 1994. Plaintiff also testified, stating that on the night of August 21, 1994, he was with Dunn at that apartment and he was sleeping when the police arrived to arrest him. Plaintiff denied participating in the Miller home invasion. Plaintiff was convicted.

### e. Post-Trial Proceedings

Plaintiff's conviction was affirmed on direct appeal. He later sought post-conviction relief. On October 3, 2013, the Illinois Supreme Court granted Plaintiff's actual innocence petition, reversing his conviction and granting him a new trial. The court granted the petition based on new testimony from five men, all of whom stated that they were involved in the Miller home invasion and that Plaintiff was not. The five men were Robert McKay, Deondre Coleman, Robert Coats, James Coats, and Lamont Lee.

On March 3, 2014, the State *nolle prossed* the charges against Plaintiff "based on [a] review of what [it] ha[d] determined to be the evidence at th[e] time." Tr. Dismissal Mar. 13, 2014 3:4–6, Defs.' Mot. Summ. J. Ex. 28, ECF No. 109-28. Plaintiff subsequently petitioned for a Certificate of Innocence under 735 ILCS 5/2-702. The State objected, maintaining its belief in

Plaintiff's guilt and explaining that it dismissed the charges because Bertha Miller's death and the age of the crimes made proving the case beyond a reasonable doubt difficult.  State's Am. Answers Pet'r's Interrogs. ¶¶ 2–11, Defs.' Mot. Summ. J. Ex. 29, ECF No. 109-29. Notwithstanding the State's objection, Plaintiff was granted a Certificate of Innocence.

### X.      Instant Litigation

Plaintiff brought suit for violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and related Illinois state law claims.  Second Am. Compl., ECF No. 94.  Defendants are the City of Peoria; Michael Rabe, in his capacity as executor of the estate of Patrick K. Rabe; Terry Pyatt; Timothy Anderson; Michael Ford; and other unidentified officers.  *Id.* ¶¶ 12–14.  Plaintiff brings the following claims: Count I, alleging a violation of Plaintiff's constitutional due process rights under § 1983; Count II, alleging a conspiracy to violate Plaintiff's constitutional rights under § 1983; Count III, alleging failure to intervene on the part of Defendant officers to stop the violation of Plaintiff's rights under § 1983; Count IV, alleging a violation of Plaintiff's Fourth Amendment rights under § 1983; Count V, alleging malicious prosecution in violation of Illinois law; Count VI, alleging intentional infliction of emotional distress ("IIED") in violation of Illinois law; Count VIII, alleging a civil conspiracy to commit tortious conduct that resulted in Plaintiff's wrongful conviction in violation of Illinois law; Count IX, which alleges the City is liable for Defendant officers' tortious conduct under respondeat superior; and Count X, which seeks indemnification by the City.

### DISCUSSION

### I.      Legal Standard on a Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a). At summary judgment the court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial—that is, whether there is sufficient evidence favoring the non-moving party for a jury to return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 370 (7th Cir. 1997). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson*, 477 U.S. at 255). "A genuine issue for trial exists only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999) (quoting *Roger v. Yellow Freight Sys., Inc.*, 21 F.3d 146, 149 (7th Cir. 1994)).

## II. Analysis

### a. Count I Due Process, 42 U.S.C. § 1983

Plaintiff argues (i) that Defendant officers used unduly suggestive identification procedures that led to an unreliable identification and undermined the fairness of his trial, Pl.'s Resp. 34–35; (ii) that Defendant officers suppressed exculpatory evidence in violation of *Brady* resulting in prejudice, *id.* at 43–44; and (iii) that Defendant officers fabricated evidence that deprived Plaintiff of his liberty, *id.* at 28. Plaintiff also argues that the City caused these violations and is therefore liable under *Monell*. *Id.* at 47. Defendants argue they are entitled to summary judgment because the evidence is insufficient to establish a due process violation under any theory and that because there was no due process violation, the City cannot be liable under *Monell*. Defs.' Mot. Summ. J. 22–39.

### i. Unduly Suggestive Identification Procedures

Plaintiff argues that Defendant officers used unduly suggestive identification procedures to procure Miller's unreliable identification of Plaintiff, which undermined the fairness of his trial. Pl.'s Resp. 34–43. "The Constitution does not require that police lineups [and] photo arrays . . . meet a particular standard of quality." *Alexander v. City of South Bend*, 433 F.3d 550, 555 (7th Cir. 2006). "It does, however, guarantee the right to a fair trial[,] . . . [which] is violated if unduly suggestive identification techniques are allowed to taint the trial." *Id.* Only a violation of the right to a fair trial is actionable under § 1983. *See id.*; *see also Hensley v. Carey*, 818 F.2d 646, 649 (7th Cir. 1987). "A [§ 1983] plaintiff . . . must demonstrate, by reference to the [*Manson v. Brathwaite*, 432 U.S. 98 (1977)] standard, that unduly suggestive identification procedures led to an unreliable identification that undermined the fairness of his trial." *Alexander*, 433 F.3d at 555–56.[6] Under *Brathwaite*, courts evaluate identification evidence under a well-established two-step inquiry: (1) whether the identification procedure was unduly suggestive, and if so, (2) whether the identification was nevertheless sufficiently reliable. *United States v. Recendiz*, 557 F.3d 511, 524 (7th Cir. 2009). "Both suggestiveness and reliability are evaluated by reference to the totality of the circumstances." *Alexander*, 433 F.3d at 555.

### 1. Identification Procedures

The Court first addresses whether the identification procedures at issue were unduly suggestive. *See Recendiz*, 557 F.3d at 524. Plaintiff provides expert testimony on eyewitness

---

[6] Though *Alexander* references the "*Brathwaite* standard" in describing what a successful claim requires, it also suggests a more holistic approach to this type of claim, providing a list of factors for a court to consider in determining whether a fair trial was had. *See* 433 F.3d at 555. Because the *Alexander* plaintiff did not provide the trial record and asserted only that some of the witnesses who viewed allegedly suggestive identification procedures testified at his trial, the court did not conduct an analysis as to whether a fair trial was had. *Id.* at 555–56. Thus, it remains somewhat unclear what the proper analytical framework for this type of claim is and what evidence a court should consider in evaluating it. In this case, both parties have employed only the two-prong inquiry derived from *Brathwaite* to argue their respective positions on Plaintiff's claim. With no disagreement as to whether this is the correct analysis, this is the analysis the Court has conducted in evaluating Miller's identification.

identification from Dr. Brian Cutler, who opined on the elements of the live lineup in this case that likely increased the risk of false identification. These elements include: the small number of fillers; Plaintiff was the only participant not wearing a yellow wristband; Miller was told that the other participants were "volunteers"; Miller was not told that the suspect might not be in the lineup; the use of a simultaneously presented live lineup versus a sequential one; the lineup was "non-blind"; the lineup was likely contaminated by Miller's prior exposure to Plaintiff in person and photos; and before the live lineup, Miller was in the same room with other victims where some discussed that "Fats" was involved. Dr. Brian Cutler Report 17–22, Pl.'s Resp. Ex. 80, ECF No. 110-48.

Plaintiff also relies on expert testimony on police practices from Dr. William Gaut, who opined that the procedures Defendant officers used for the photo identification and live lineup violated generally accepted standards of police procedure. Gaut Decl. Ex. A 40, Pl.'s Resp. Ex. 69, ECF No. 110-36. Gaut described the following deviations as improper: Miller was shown Plaintiff's photo via a "cold search" of computer pictures rather than a photo array procedure; the photo identification was not "blind"; the cold search was not documented; Miller was not instructed before she viewed the photos; Miller saw Plaintiff in person and saw his photo before the lineup; the lineup had only four participants; Miller was possibly given the names of suspects before her identification; Miller was allowed to talk to other victims before the lineup where some were saying "Fats" was involved; detectives told Miller that they had the suspect in custody; Miller was told to pick out the lineup participant that she saw in the photos; Miller was told that three of the four lineup participants were volunteers; and three of the four lineup participants, not including Plaintiff, wore yellow wristbands. *Id.* at 21–33.[7]

---

[7] On the wristband issue, Defendants argue there is no evidence the wristbands were visible to Miller. Defs.' Mot. Summ. J. 29–30. To the contrary, Plaintiff provides the lineup data sheets the PPD used in 1994 that describe a 360-

On the basis of this expert testimony, a reasonable jury could conclude that these identification procedures were unduly suggestive. *See Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013) (noting that "[i]n constitutional tort cases, expert testimony regarding sound professional standards governing a defendant's actions can be relevant and helpful" though "the expert's role is limited to describing sound professional standards and identifying departures from them" (quotation marks omitted)); *Sanders v. City of Chicago Heights*, No. 13 C 0221, 2016 WL 2866097, at *7–9 (N.D. Ill. May 17, 2016) (concluding that a reasonable jury could find the identification procedures were unduly suggestive where the plaintiff presented expert testimony that the photo array and physical lineup were biased and deviated from governing professional standards); *Cage v. City of Chicago*, 979 F. Supp. 2d 787, 839 (N.D. Ill. 2013) (noting that "the Seventh Circuit has been receptive to eyewitness identification expert testimony in the civil arena").

## 2. Reliability

Next, the Court considers whether, despite the unduly suggestive identification procedures, the identification was sufficiently reliable. *See Recendiz*, 557 F.3d at 524. Five factors guide the Court's inquiry:

> [(1)] the opportunity of the witness to observe the criminal at the time of the crime, [(2)] the witness' degree of attention, [(3)] the accuracy of the witness' prior description of the criminal, [(4)] the level of certainty demonstrated by the witness at the confrontation, and [(5)] the length of time between the crime and the confrontation.

---

degree viewing of lineup participants, who were instructed to assume four different positions, including the "back view." Lineup Data Sheets, Pl.'s Resp. Ex. 77, ECF No. 110-44. Further, it is unclear why at least one officer's practice was to have the suspect put on a wristband or have the volunteers remove their wristbands if there was no risk that the wristbands might be visible to the person viewing the lineup. *See* James Bridges Dep. 101–05, Pl.'s Resp. Ex. 64, ECF No. 110-31. On this record, a reasonable jury could conclude that the wristbands were visible to Miller.

14

*Neil v. Biggers*, 409 U.S. 188, 199–00 (1972).[8]

(1) *Opportunity to Observe at the Time of the Crime.*  This factor "focuses on the physical possibility of obtaining a reliable identification."  *United States v. Napoli*, 814 F.2d 1151, 1158 (7th Cir. 1987).  Miller testified that she was thrown to the floor and the perpetrators tried to put a pillow over her head, but it kept coming off so that she was able to see the faces of some of the perpetrators.  Defs.' Mot. Summ. J. UMF ¶ 18.  She testified that all of the perpetrators initially wore face coverings that concealed everything but their eyes, but that some of them eventually removed their masks, including the man she later identified as Plaintiff.  *Id.* ¶¶ 17, 19.  Miller testified that she saw the face of the person whom she later identified as Plaintiff for "a good three minutes" as he sat in a chair next to a light.  *Id.* ¶ 19.

Regarding the first factor, Plaintiff offers the following evidence.  Plaintiff's expert opined that crime victims tend to overestimate the passage of time and that disguises impair eyewitness identification.  Dr. Brian Cutler Report 8–10.  Plaintiff also points to testimony that there were few or no lights on in the Miller house on the night of the crime.  Pl.'s Resp. AMF ¶ 50.  Plaintiff also points to testimony from Robert McKay and Robert Coats.  Robert Coats testified that all the perpetrators wore masks during the home invasion.  Robert Coats Post-Conviction Hr'g Test. 28:17–19, Pl.'s Resp. Ex. 46, ECF No. 110-13.  Robert McKay testified

---

[8] Plaintiff asks the Court to analyze the *Biggers* factors in light of evidence that was not before the court at the time of his trial.  This evidence allegedly casts doubt on the reliability of Miller's identification and includes Robert McKay's testimony, Robert Coats's testimony, and expert testimony.  But the fact that Plaintiff did not present this evidence at the time of his trial to argue that Miller's identification should be suppressed has no connection to Defendants' conduct.  In this respect, his proposed analysis contrasts with the other two categories of fair trial claims an exonerated person might bring under § 1983—*Brady* claims and fabrication claims.  Those two categories of claims ask the court (or jury) to re-envision the plaintiff's criminal trial and determine whether there is a reasonable probability the outcome would have been different had the suppressed evidence been disclosed, for *Brady* claims, *United States v. Bagley*, 473 U.S. 667, 682 (1985), or whether there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury," for fabrication claims, *United States v. Agurs*, 427 U.S. 97, 103 (1976).  In both cases, the evidence at issue was either absent from trial (*Brady*) or presented at trial (fabrication) due to the defendants' alleged conduct.  Here, in contrast, the evidence Plaintiff seeks to add to the *Biggers* factors analysis was not presented at the time of his trial for reasons independent of any of Defendants' actions.  While the Court questions the appropriateness of such an approach, because the parties offer and respond to this evidence, the Court has considered all of Plaintiff's evidence in ruling on the motion for summary judgment.

that none of the perpetrators removed their face coverings when he was at the Miller house. Robert McKay Dep. 25:16–29:7, Pl.'s Resp. Ex. 35, ECF No. 110-2. McKay left the house with Deondre Coleman before the police arrived. *Id.* One of these two men was the man Miller later identified as Plaintiff. *See* Trial Tr. Apr. 4, 1995 52:23–69:7 (testifying that the two men who left together before police arrived took their face coverings off a few minutes before they left and that one of these men was Plaintiff). According to Miller's testimony, Plaintiff removed his face covering approximately three minutes before he left when the police were close by. *See id.* But according to McKay's testimony, it is not possible for Miller to have viewed the man she later identified as Plaintiff without a face covering because when that man left, he was still wearing a face covering.

(2) *Witness's Degree of Attention*. This factor "requires the court to determine if the witness[] actually took advantage of the opportunity" to view the perpetrator and "what degree of attentiveness the witness[] displayed." *Napoli*, 814 F.2d at 1158. Plaintiff attempts to create a triable issue regarding this factor, arguing that Miller did not have a high degree of attention due to the high stress and chaotic nature of the crime. Pl.'s Resp. 40–41. This does not show that the degree-of-attention factor weighs against reliability. *See Biggers*, 409 U.S. at 200. Miller "was no casual observer" of the events of August 22, 1994, but a victim of a violent crime. *See id.* Plaintiff also offers expert testimony on how "cognitive load" and "weapon focus" may have impacted Miller's focus. Dr. Brian Cutler Report 9–10. But "the simple fact that people are statistically more likely to do something cannot normally, and does not here, undermine the [eyewitness's] specific testimony . . . ." *Napoli*, 814 F.2d at 1158. Miller gave detailed testimony about the events of August 22, 1994, suggesting she was attentive and took advantage of her opportunity to view the perpetrators. *See Love v. Young*, 781 F.2d 1307, 1311–12 (7th

16

Cir. 1986) (citing and agreeing with the state court's finding in a habeas case that the victim paid close attention where she testified as much and gave "detailed testimony about the events . . . [that] attest[ed] to her attentiveness").

(3) *Accuracy of the Initial Descriptions*. Both parties seem to agree that Miller did not give an initial description of the perpetrators to police beyond stating that they were familiar to her from the Warner Homes. Pl.'s Resp. 41; Defs.' Mot. Summ. J. 31–32. At the suppression hearing, however, Miller testified that she gave police a description of Plaintiff when they first interviewed her. Tr. Hr'g Mot. Suppress 17:17–22. Miller testified that she told police "He was a dark skinned, short, black man, and he had like a low cut, with a round face." *Id.* From the lineup photo in the record, it does appear that Plaintiff is a dark complexioned, relatively short, black man with a round face and short hair. *See* Lineup Photos Aug. 22, 1994 4, Pl.'s Resp. Ex. 36, ECF No. 110-3.[9]

(4) *Certainty of the Witness at the Time of the Identification*. Both parties agree that police did not record Miller's level of certainty with respect to her photo and lineup identifications of Plaintiff as one of the perpetrators. Pl.'s Resp. AMF ¶ 44. Defendants argue that Miller knew Plaintiff for five or six years before August 22, 1994. Plaintiff disputes Miller's description of her familiarity with Plaintiff. *See* Pl.'s Resp. AMF ¶ 7 (citing Plaintiff and Miller's testimony that they knew each other in childhood, Miller's testimony that she had only seen Plaintiff "a couple times" as a child, and that she had not seen him for two years before

---

[9] Even if the Court accepts both parties' statements that Miller did not give an initial description of the man she later identified as Plaintiff to police, this factor would not weigh against reliability. *See Kubat v. Thieret*, 867 F.2d 351, 358 & n.5 (7th Cir. 1989) (stating that the absence of an initial description does not support an inference either way as to reliability).

August 22, 1994). Though the parties dispute the level of her familiarity with Plaintiff, it is undisputed that Plaintiff was not a complete stranger to Miller on August 22, 1994.[10]

(5) *Length of Time Between the Crime and the Identification*. The home invasion occurred on August 22, 1994. Defs.' Mot. Summ. J. UMF ¶ 3. Miller identified Plaintiff in a photo lineup and live lineup later that same day. *Id.* ¶¶ 38, 41, 50.

Under the totality of the circumstances, a jury could not reasonably conclude that Miller's identification should not have been put before the jury at his criminal trial. *See Recendiz*, 557 F.3d at 524. It was not unassailable, but "evidence with some element of untrustworthiness is customary grist for the jury mill. Juries are not so susceptible that they cannot measure intelligently the weight of identification testimony that has some questionable feature." *Brathwaite*, 432 U.S. at 116. Only where "there is a very substantial likelihood of irreparable misidentification," does identification evidence implicate the right to a fair trial. *See id.* "Misidentification is irreparable when the source of the error is so elusive that it cannot be demonstrated to a jury, which therefore will give excessive weight to the eyewitness testimony." *United States v. Williams*, 522 F.3d 809, 811 (7th Cir. 2008) (quotation marks omitted).

Here, the potential sources of error—namely, Miller's opportunity to view and her prior familiarity with Plaintiff—could be, and were, demonstrated to the jury. *See* Trial Tr. Apr. 6, 1995 15:2–20, Defs.' Mot. Summ. J. Ex. 30, ECF No. 109-30 (Plaintiff's defense counsel arguing in closing that Miller's testimony about the lamp was not credible in light of Gaffney's testimony on cross that when he entered the Miller house, there was no lamp on in the living room); *id.* at 16:6–11 (Plaintiff's defense counsel arguing in closing that Miller's testimony

---

[10] Although Miller testified at trial that she identified Plaintiff because she was "positive" "his face [was] the same face [she] saw in the house that night," Trial Tr. Apr. 4, 1995 92:2–8, "[d]eterminations of the reliability suggested by a witness's certainty after the use of suggestive procedures are complicated by the possibility that the certainty may reflect the corrupting effect of the suggestive procedures," *Napoli*, 814 F.2d at 1159.

about the man she identified as Plaintiff removing his mask was not credible because it "makes no sense . . . that somebody is going to come in, commit an atrocious crime like this, and make sure before he leaves he gives everybody a good chance to look at him"); Trial Tr. Apr. 4, 1995 72:1–4 (Miller testifying that she could not remember Plaintiff's name or nickname when she testified before the grand jury); *id.* at 92:12–93:3 (Miller testifying that on August 22, 1994, she did not know Plaintiff's full name until the officers told her, that she was not certain she knew his nickname, and that she never told the police what Plaintiff's nickname was); *id.* at 91:10–14 (Miller explaining that in August 1994 she had a "speaking relationship" with Plaintiff, meaning that, at most, she might say "hi"); Trial Tr. Apr. 5, 1995 101:2–14 (Plaintiff testifying that he saw Miller at the Warner Homes when they were kids, but he did not know her well enough to say "hi and good-by [sic]" to her because they never spoke to each other). These shortcomings were put before the jury via the typical means that "courts . . . rely on . . . to safeguard the reliability of evidence," including "the Sixth Amendment rights to counsel and confrontation." *Lee v. Foster*, 750 F.3d 687, 691 (7th Cir. 2014); *see also Brathwaite*, 432 U.S. at 113 n.14 ("Counsel can both cross-examine the identification witnesses and argue in summation as to factors causing doubts as to the accuracy of the identification . . . ." (quotation marks omitted)). Presumably, the jury weighed the evidence and considered the identification to be reliable.

Because Miller's identification contained sufficient indicia of reliability to be put before the criminal jury, a jury could not reasonably conclude that Defendants' use of suggestive identification procedures deprived Plaintiff of a fair trial. *See Swanigan v. City of Chicago*, 881 F.3d 577, 583 (7th Cir. 2018) ("[A] misidentification does not in itself intrude upon a constitutionally protected interest." (quotation marks omitted)). Plaintiff's claim cannot survive summary judgment.

19

### ii. *Brady* Claim

Plaintiff argues that Defendants violated *Brady* by failing to timely disclose the lineup photo, which shows that Plaintiff was the only participant not wearing a yellow wristband, and that it was unavailable to Plaintiff through the exercise of reasonable diligence. Pl.'s Resp. 43–47. Defendants argue there is no evidence they did not disclose the photo and that it was otherwise available to Plaintiff through the exercise of reasonable diligence. Defs.' Mot. Summ. J. 25–26. Regardless, Defendants argue, the yellow wristbands did not corrupt Miller's identification, which was nonetheless reliable. *Id.* at 29–30, 31–32. Defendants also argue that the photo was not favorable to Plaintiff. *Id.* at 26.

*Brady v. Maryland*, 373 U.S. 83 (1963), establishes that "the right to due process and a fair trial" requires prosecutors to "turn over to the defense all potentially exculpatory evidence." *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007). "That obligation extends to police officers . . . when they turn over investigative files to the prosecution." *Id.* To establish a *Brady* violation, a plaintiff must show: (1) the evidence at issue was favorable to the accused, either being exculpatory or impeaching; (2) the evidence was suppressed by the government; and (3) the evidence was material. *Carvajal v. Dominguez*, 542 F.3d 561, 566–67 (7th Cir. 2008).

### 1. Favorability

Defendants contend that the photo was not favorable to Plaintiff because the lineup was not suggestive. Defs.' Mot. Summ. J. 26. As discussed above, a reasonable jury could conclude that the lineup was unduly suggestive. Evidence of an additional suggestive aspect of the lineup was thus favorable to Plaintiff because he could have used this evidence to challenge Miller's identification at the suppression hearing and at trial. Thus, Defendants are not entitled to summary judgment on the *Brady* claim on this basis.

20

## 2. Suppression

Evidence is suppressed when (1) the government fails to disclose it in time for the defendant to make use of it and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence. *Carvajal*, 542 F.3d at 567.

The Court first considers whether the lineup photo was disclosed by the government. *See id.* Plaintiff provides the following evidence. First, the photo was not in the prosecutor's case file for the Miller home invasion and the prosecutor testified that everything in his file would have been accessible to the defendant. Pl.'s Resp. AMF ¶¶ 58–59. Second, the prosecutor testified that if he had the photo he would have used it at trial in reference to Miller's lineup identification and the trial transcript shows that he did not. *Id.* ¶ 60. Third, Plaintiff's defense counsel testified that if he had received the photo he would have discussed it in his motion to suppress, but there is no mention of the photo in that motion or the transcript of the hearing on that motion. *Id.* ¶ 61. Plaintiff's defense counsel also testified that if he had received the photo in pretrial discovery, he would have shown it to Plaintiff, and Plaintiff testified that he did not see the photo until it was produced in this litigation. *Id.* ¶ 62. In addition, the PPD's envelope containing the photo has no notation indicating it was produced whereas another envelope with photos that were indisputably produced bears such a notation. *Id.* ¶ 71. Finally, the City's designated witness testified in this litigation that she did not know whether the photo was disclosed to Plaintiff before his trial. *Id.* ¶ 63. This evidence goes beyond "mere speculation or unsupported assertions that the Government suppressed evidence." *United States v. Shields*, 789 F.3d 733, 747 (7th Cir. 2015); *see also United States v. Nolan*, 910 F.2d 1553, 1557–58 (7th Cir. 1990) (concluding that the defendant's suppression claim was merely speculation where he presented no evidence to dispute the government's assertion that it followed an open file policy

in his case, making all law enforcement reports it possessed available to him).  Viewing these facts favorably to Plaintiff, a jury could reasonably conclude that the government did not disclose the photo.

The Court next considers whether the photo was otherwise available to Plaintiff through the exercise of reasonable diligence.  *See Carvajal*, 542 F.3d at 567.  *Brady* does not require the government to disclose information that the defendant already knows, *see Harris*, 486 F.3d at 1015 (concluding the government did not suppress evidence of the defendant's alibi because the alibi information was otherwise available to the defendant), or that is readily available to him, *see United States v. White*, 970 F.2d 328, 336–37(7th Cir. 1992) (concluding the government did not suppress interview notes where the defendants had access to the bankruptcy file that was the source of the notes).  Nor does *Brady* require the government to conduct the defendant's investigation for him or provide him with evidence he could obtain from other sources.  *See United States v. Tadros*, 310 F.3d 999, 1005 (7th Cir. 2002) (concluding that recordings in possession of a third party company were not suppressed where the government did not obtain them and the defendant knew of their location).

Here, the photo was in the government's possession and though the prosecutor had an open file policy, the photo was not in the prosecutor's file.  *See Boss v. Pierce*, 263 F.3d 734, 741 (7th Cir. 2001) ("In the typical reasonable diligence case, the question is whether defense counsel had access to the document containing the *Brady* material, through an open file policy, for example."); *Jones v. City of Chicago*, 856 F.2d 985, 989 (7th Cir. 1988) (concluding that a document was not available to defense counsel where police placed it not in the police department's regular files that were turned over to the state's attorney's office, but in its "street files," which were not turned over).  It was not unreasonable if Plaintiff's defense counsel

22

concluded from the materials he had been given that there was no lineup photo.[11]  Plaintiff's

defense counsel was familiar with the PPD's practice of taking a photo each time a lineup was

conducted, Defs.' Mot. Summ. J. UMF ¶ 78, but it was also standard practice for officers to note

in the police report that a photo of the lineup participants was taken and that was not done in this

case, Pl.'s Resp. AMF ¶ 65.  *See Grayson v. City of Aurora*, 157 F. Supp. 3d 725, 739 (N.D. Ill.

2016) ("Of utmost importance is the fact that the [witness whose testimony the defendant

claimed was suppressed] was never mentioned or disclosed on any police report to [the

defendant].").

Defendants claim that the lineup photo was available to Plaintiff's defense counsel

through the exercise of reasonable diligence because it was in an envelope for an affiliated home

invasion case where Plaintiff was represented by the same defense counsel.  Defs.' Reply 35–36.

But they do not cite any evidence in the record that the photo was produced in that case or was

otherwise available to Plaintiff's defense counsel through reasonable diligence.  On this record, a

reasonable jury could conclude that the government suppressed the lineup photo.

### 3.  Materiality

"Evidence is material if there is a reasonable probability that, had the evidence been

disclosed to the defense, the result of the proceeding would have been different."  *Carvajal*, 542

F.3d at 567 (quotation marks omitted).  "A reasonable probability is a probability sufficient to

undermine confidence in the outcome."  *United States v. Guerrero*, 894 F.2d 261, 268 (7th Cir.

1990) (quotation marks omitted).

---

[11] In the habeas context, the Supreme Court has stated that "if a prosecutor asserts that he complies with *Brady* through an open file policy, defense counsel may reasonably rely on that file to contain all materials the State is constitutionally obligated to disclose under *Brady*."  *Strickler v. Greene*, 527 U.S. 263, 289 & n.23 (1999).

Plaintiff argues Defendants concede that the allegedly suppressed evidence, the lineup photo, was material. Pl.'s Resp. 44. This is somewhat misleading. Defendants do argue that even if Miller saw the yellow wristbands when she viewed the lineup, this did not corrupt her identification and, even if the procedures were unduly suggestive, Miller's identification was nonetheless reliable. Defs.' Mot. Summ. J. 29–30, 31–32. Because Plaintiff's *Brady* claim relates to evidence of the identification procedures' suggestiveness, the issues Defendants raise are determinative of *Brady*'s materiality requirement.

The Court has already concluded that a reasonably jury could not find that Plaintiff was deprived of a fair trial by Defendant officers' use of unduly suggestive identification procedures because Miller's identification was sufficiently reliable. Consequently, evidence of an additional suggestive aspect of the identification procedures would not be material. The yellow wristbands would not change the fact that, in spite of the suggestive nature of the identification procedures, Miller's identification was sufficiently reliable to be put before the jury. It would be inconsistent to then hold, in the context of the *Brady* claim, that had the yellow wristband aspect of the lineup procedure been disclosed to the defense, there is a reasonable probability that the verdict at Plaintiff's criminal trial would have been different. Because a jury could not reasonably conclude that had the lineup photo been disclosed to the defense, there is a reasonable probability that the result of the proceeding would have been different, Plaintiff's *Brady* claim cannot survive summary judgment.

### iii. Fabrication of Evidence

Plaintiff argues Defendants manufactured Brooks's false statement to Rabe implicating Plaintiff in the Miller home invasion and Miller's identification of Plaintiff, which were later used to deprive Plaintiff of his liberty. Pl.'s Resp. 28–31. Defendants argue that there is no

24

evidence the statement or identification was fabricated or that this evidence was later used to deprive Plaintiff of his liberty.  Defs.' Mot. Summ. J. 33–39.

"[A] police officer who manufactures false evidence against a criminal defendant violates due process "if that evidence is later used to deprive the defendant of [his] liberty in some way." *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012).  The "hallmark of a fabrication case," is that the defendants "created evidence that they knew to be false."  *Petty v. City of Chicago*, 754 F.3d 416, 423 (7th Cir. 2014).

### 1.  Brooks's Statement

The Seventh Circuit distinguishes "between a coercion case for which there is no cognizable due process claim . . . [and] an evidence fabrication case where there is a cognizable claim."  *Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017) (alteration in original) (quotation marks omitted).

> Coerced testimony is testimony that a witness is forced by improper means to give; [it] may be true or false.  Fabricated testimony is . . . made up; it is invariably false.  False testimony is the equivalent; it is testimony known to be untrue by the witness and by whoever cajoled or coerced the witness to give it.

*Fields v. Wharrie*, 740 F.3d 1107, 1110 (7th Cir. 2014); *see also Petty*, 754 F.3d at 422 (noting that coerced testimony, "unlike falsified [testimony] . . . may turn out to be true") (quotation marks omitted).

Plaintiff argues that Defendant officers knew what time he was arrested and therefore that he could not have been involved in the Miller home invasion, but nonetheless proceeded to elicit a statement from Brooks implicating him in the crime.  Pl.'s Resp. 28–29.  Plaintiff points to Brooks's statement; testimony that police arrived at the Miller house at 3:10 a.m.; testimony that Plaintiff was arrested between 2:45 and 3:00 a.m.; and testimony that the officer who arrested Plaintiff did not document in his report what time the arrest occurred, in violation of standard

police procedure.  *See id.* at 29.  From this evidence, Plaintiff asks the Court to infer that Rabe knew what time Plaintiff was arrested before he interrogated Brooks because officers were communicating about the suspects in the various home invasions.  *See* Pl.'s Resp. 29 (citing Pl.'s Resp. AMF ¶¶ 10–11).  But Plaintiff's evidence does not support this inference.  Plaintiff provides no evidence that suggests Rabe spoke to the officer who arrested Plaintiff, the detective assigned to the Buckley home invasion, or otherwise learned Plaintiff was in custody for the Buckley home invasion at the time of the Miller home invasion.  Even viewing the facts favorably to Plaintiff, a jury could not reasonably conclude that Rabe knew Plaintiff could not have committed the crime (because of the time he was arrested compared to the time of the Miller home invasion) when he interrogated Brooks and therefore that Rabe "created evidence that [he] knew to be false."  *See Petty*, 754 F.3d at 423; *cf. Harris v. City of Chicago*, No. 14-cv-4391, 2015 WL 1331101, at *5 (N.D. Ill. Mar. 19, 2015) (holding that the plaintiff stated a claim for fabrication of evidence where police used coercive tactics to obtain a false confession when they were aware of evidence that she was not at the scene of the crime); *Patrick v. City of Chicago*, 213 F. Supp. 3d 1033, 1040–41, 1050–51 (N.D. Ill. 2016) (denying summary judgment on a fabrication claim where the exonerated plaintiff gave sworn testimony that he was not involved in the murder and that his confession was based on the defendants' prefabricated script written in a notebook of which there were several drafts).

Plaintiff also relies on Brooks's recantation approximately one month after his first statement to Rabe.  *See* Pl.'s Resp. 29.  This evidence simply shows Brooks gave two inconsistent statements, not that Rabe forced Brooks to make a statement he knew was false.  *See* Rabe Report Sept. 28, 1994 1–2, Defs.' Reply Ex. 80, ECF No. 115-1 (noting his opinion that Brooks's recantation was not truthful).  Nor does the alibi testimony from Plaintiff's girlfriend,

26

*see* Pl.'s Resp. 29, which Rabe did not obtain until February 1995, *see* Rabe Report Feb. 5, 1995 2–3, Pl.'s Resp. Ex. 42, ECF No. 110-9, show that he fabricated Brooks's statement on August 22, 1994.

Before Rabe interrogated Brooks, Miller identified both Brooks and Plaintiff as perpetrators of the Miller home invasion. *See* Defs.' Mot. Summ. J. UMF ¶ 41; Rabe Report Aug. 23, 1994 8–9, Pl.'s Resp. Ex. 38, ECF No. 110-5 (noting that Miller identified Brooks's photo, which is why officers went out to bring Brooks in for questioning). Without any evidence to suggest Rabe learned what time Plaintiff was arrested, the facts merely show that Rabe pressured Brooks to give a statement that "may [have] turn[ed] out to be true." *See Petty*, 754 F.3d at 422 (holding that the plaintiff's claim alleged coercion not fabrication where police threatened a witness with jail, kept him in a locked room without food or water for thirteen hours, and pressured him to identify the plaintiff as an assailant, but there was no evidence the officers knew the witness's statement was false) (quotation marks omitted). Thus, the Court need not consider the second part of the inquiry, whether the evidence was later used to deprive Plaintiff of his liberty. *See Whitlock*, 682 F.3d at 580. Defendants' motion for summary judgment as to Plaintiff's fabrication claim with respect to Brooks's statement is granted.

### 2. Miller's Identification

Defendants argue that Miller's identification of Plaintiff was not fabricated because she denied that Defendants told her who to identify and there is no evidence any Defendant fed her details or otherwise fabricated any portion of her testimony. Defs.' Mot. Summ. J. 37. Defendants further argue that Miller's "spontaneous identification" of Plaintiff in the hallway at the police station demonstrates there was no fabrication. Defs.' Reply 41. Plaintiff argues that

27

"the record reveals a calculated effort by Defendants to fabricate an eyewitness identification that they knew was false." Pl.'s Resp. 31.

In support of his argument, Plaintiff provides the following evidence. Shortly after the crime occurred, Rabe spoke to Miller at the police station. Rabe Report Aug. 23, 1994 3–5. Rabe wrote in his report that "[Miller] stated that she recognized one of the subjects who lived in the area and stated that most of the subjects look familiar to her from when she lived in the Warner Homes." *Id.* at 5. Plaintiff posits that the person Miller recognized was Robert Nixon (she referred to him by his nickname, "Bologna Face"), who she grew up with in the Warner Homes, based on her grand jury testimony that he was the only perpetrator that she recognized at the time of the crime. Pl.'s Resp. AMF ¶ 19; *see also* Rabe Report Aug. 23, 1994 3 (noting that Miller identified Robert Nixon at the scene where he was arrested). Shortly after this interview, Miller saw Plaintiff and Nixon together in the hallway as she was leaving the station, Pl.'s Resp. AMF ¶ 21, and stated "Well, there goes two of them dudes that was at our house," Tr. Hr'g Mot. Suppress 6:20–21. From this evidence, Plaintiff asks the Court to infer that Defendant officers orchestrated this encounter as part of their effort to get Miller to falsely identify Plaintiff. Plaintiff argues that the fact that Rabe should have noted this incident in his report, but he did not, suggests the encounter was deliberate. Pl.'s Resp. 32. Following this encounter, police built on Miller's initial identification by using suggestive identification procedures to cement Miller's identification of Plaintiff as one of the perpetrators. *See id.* at 32–34.

Plaintiff's evidence does not create a triable issue as to whether Defendant officers fabricated Miller's identification of Plaintiff. His description of the hallway encounter as a "showup" is inapposite.[12] Even if the encounter between Miller and Plaintiff was orchestrated,

---

[12] A showup is typically defined as the presentation of a single suspect to an eyewitness for possible identification. *See* Wayne R. LaFave et al., *Criminal Procedure* § 7.4(g) (4th ed. 2017). It is a police-orchestrated identification

28

however, Miller's ensuing statement identifying Plaintiff as one of the perpetrators was spontaneous and without any inducement from police. Plaintiff cannot repackage his claim that Miller's identification was procured via suggestive identification procedures as a fabrication claim. The use of suggestive identification procedures does not demonstrate that Defendant officers "created evidence that they knew to be false." *See Petty*, 754 F.3d at 423. Plaintiff identifies no cases that have made this inferential jump. And Plaintiff does not provide evidence that could prove up the "hallmark" of a fabrication claim: Plaintiff provides no evidence that Defendant officers provided Miller with what to say, told her who to identify, or otherwise forced her to give testimony that they knew to be untrue. Defendants' motion for summary judgment as to Plaintiff's fabrication claim is granted with respect to Miller's identification.

### iv. *Monell* Claim

The record depicts a police department lacking comprehensive training for its detectives and policies for its criminal investigations. These shortcomings may have caused the mistakes that were made in the investigation of the Miller home invasion. But these mistakes were subjected to the adversary process and Plaintiff was not deprived of a fair trial. Thus, Defendants are entitled to summary judgment on the *Monell* claim. *See Sallenger v. City of Springfield*, 630 F.3d 499, 504 (7th Cir. 2010).

---

procedure that has been "widely condemned." *See Stovall v. Denno*, 388 U.S. 293, 302 (1967). What happened in this case was not an identification procedure in that Miller was not asked to identify a suspect. Thus, this case is more similar to an "accidental showup," which the Supreme Court has held is outside the reach of due process. *See Perry v. New Hampshire*, 565 U.S. 228, 235, 240–45, 248 (2012) (holding that the Due Process Clause does not require a preliminary judicial inquiry into the reliability of an eyewitness identification when it was not procured under unnecessarily suggestive circumstances arranged by police in the context of an accidental showup where the witness's statement identifying the suspect was spontaneous and without any inducement from police). This is somewhat beside the point for purposes of Plaintiff's fabrication claim—absent evidence that police created identification testimony they knew to be false, a plaintiff can remedy a due process violation by challenging the suggestive nature of the identification procedures used, as Plaintiff has.

### b.   Counts II & III Conspiracy & Failure to Intervene, 42 U.S.C. § 1983

Counts II and III are similarly derivative of Plaintiff's due process claim.  *See Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) (conspiracy); *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (failure to intervene).  Because the due process claim cannot survive summary judgment, Defendants are also entitled to summary judgment as to Counts II and III.

### c.   Counts IV & V Malicious Prosecution

Plaintiff brings malicious prosecution claims under both Illinois law (Count V) and the Fourth Amendment (Count IV).  To establish malicious prosecution in Illinois, a plaintiff must show: (1) the commencement or continuance of criminal proceedings by the defendant; (2) favorable termination of those proceedings; (3) absence of probable cause; (4) malice, and (5) damages.  *Boyd v. City of Chicago*, 880 N.E.2d 1033, 1045 (Ill. App. Ct. 2007).  To establish a claim of malicious prosecution under the Fourth Amendment, courts require a plaintiff to show that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 101 (1st Cir. 2013); *see also Bianchi v. McQueen*, 818 F.3d 309, 322 (7th Cir. 2016) (characterizing the plaintiffs' Fourth Amendment false arrest claim as a malicious prosecution claim because they were arrested "pursuant to formal legal process," that is, they were arrested with warrants issued pursuant to indictments).[13]

---

[13] In *Manuel v. City of Joliet*, 137 S. Ct. 911, 920 (2017), the Supreme Court clarified that "the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process."  The Court left the Seventh Circuit to determine on remand what the elements of a Fourth Amendment claim alleging unlawful post-arrest, pretrial detention might be.  *Id.*  To date, the Seventh Circuit has not provided further guidance.  Most other circuits already recognize a Fourth Amendment malicious prosecution claim.

Defendants argue Plaintiff's malicious prosecution claims are defeated by the presence of probable cause. Defs.' Mot. Summ. J. 43–44.[14] In the malicious prosecution context, Illinois courts define probable cause as "a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged." *Williams v. City of Chicago*, 733 F.3d 749, 759 (7th Cir. 2013). "For purposes of a malicious prosecution claim, the pertinent time for making the probable cause determination is the time when the charging document is filed, rather than the time of the arrest." *Holland v. City of Chicago*, 643 F.3d 248, 254 (7th Cir. 2011). "On summary judgment, defendants can prevail on such a claim if they demonstrate that no reasonable jury could find an absence of probable cause to initiate the charges." *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016).

Here, no reasonable jury could find an absence of probable cause to initiate the charges against Plaintiff. Plaintiff was indicted by a grand jury. *People v. Coleman*, No. 3-10-0419, 2011 WL 10468157, at*1 (Ill. App. Ct. Aug. 25, 2011). In Illinois, this is prima facie evidence of probable cause. *Freides v. Sani-Mode Mfg. Co.*, 211 N.E.2d 286, 289 (Ill. 1964). This evidence "may be rebutted by other evidence such as proof that the indictment was obtained by false or fraudulent testimony before the grand jury, or by failing to make a full or complete statement of facts, or by other improper or fraudulent means." *Id.* Plaintiff presents no such evidence. Further, it is undisputed that Miller spontaneously identified Plaintiff in the hallway of the police station and later identified Plaintiff by his photograph and in a lineup. This is sufficient to establish probable cause. *Cairel*, 821 F.3d at 835 (holding that the victims' eyewitness identifications of suspects were sufficient to establish probable cause to defeat the

---

[14] Both parties incorporate their probable cause arguments as to the state law malicious prosecution claim in arguing the Fourth Amendment claim. Defs.' Mot. Summ. J. 43–44; Pl.'s Resp. 51.

plaintiff's malicious prosecution claim at summary judgment); *Gramenos v. Jewel Cos., Inc.*, 797 F.2d 432, 439–40 (7th Cir. 1986) (stating that the identification of a suspect by a putative victim or trustworthy eyewitness establishes probable cause, noting that "a single eyewitness's statement can support an indictment and a conviction").

Plaintiff's objection to Miller's identification of Plaintiff as the basis for probable cause is that it was procured by unduly suggestive identification procedures. Plaintiff cites *Phillips v. Allen*, 743 F. Supp. 2d 931, 941 (N.D. Ill. 2010), for the proposition that "an unduly suggestive photographic array or in-person lineup may not be used to establish probable cause." But the Seventh Circuit rejected this proposition on appeal: "evidence need not be admissible at trial in order to support a finding of probable cause. A conclusion that there is probable cause for arrest (*or indictment*) just gets the criminal process started. Many later steps shape what evidence can be used at a trial . . . ." *Phillips v. Allen*, 668 F.3d 912, 915 (7th Cir. 2012) (emphasis added). Because "[p]robable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution," *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006), and because "[w]ant of probable cause for instituting the original proceedings is an indispensable element of an action for malicious prosecution" in Illinois, *Freides*, 211 N.E.2d at 288, Defendants' motion for summary judgment as to Counts IV and V is granted.

### d. Remaining State Law Claims

Plaintiff brings various other state law claims, including IIED (Count VI), civil conspiracy (Count VIII), respondeat superior (Count IX), and indemnification (Count X). "[I]t is the well-established law of th[e Seventh] [C]ircuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to

32

trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also* 28 U.S.C. §

1367(c)(3). In some cases, "federal decision of the state-law claims on the merits" is

appropriate. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). "[A]

district court should consider and weigh the factors of judicial economy, convenience, fairness

and comity." *Id.* If a district court retains jurisdiction over state supplemental claims, it should

state its reasons for doing so. *Groce*, 193 F.3d at 501. The Court retains jurisdiction over

Plaintiff's state law malicious prosecution claim (Count V) because "[i]f the district court, in

deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving

the latter to the state court." *Wright*, 29 F.3d at 1251. The Court's finding that no reasonable

jury could conclude there was an absence of probable cause to initiate charges against Plaintiff

disposes of his federal and state law malicious prosecution claims, so there is no use leaving the

latter claim to the state court. As for the remaining state law counts, the Court finds no reason to

depart from the "usual practice." *See Groce*, 193 F.3d at 501. Counts VI, VIII, IX, and X are

dismissed without prejudice.

## CONCLUSION

Accordingly, Defendants' motion for summary judgment, ECF No. 107-1, is GRANTED.

Defendants are entitled to summary judgment on Counts I, II, III, IV, and V. Counts VI, VIII,

IX, and X are DISMISSED WITHOUT PREJUDICE. Defendants' motion to dismiss Count IV

of Plaintiff's second amended complaint, ECF No. 97, Defendants' motion for leave to file a

third party complaint, ECF No. 102, Plaintiff's motion for extension of time to respond to

Defendants' motion for leave to file, ECF No. 105, and Defendants' motion to strike Exhibit 45

of Plaintiff's Response, ECF No. 113, are MOOT. Defendants' motion for leave to file an

oversize reply in support of their motion for summary judgment, ECF No. 114, is GRANTED.

The Clerk is directed to enter judgment and close the case.

Entered this 9th day of March, 2018.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

Judgment in a Civil Case (02/11)

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

| | | |
|---|---|---|
| Christopher Coleman<br>Plaintiff | ) ) | |
| vs. | ) ) | Case Number: 1:15-cv-1100 |
| City of Peoria, Patrick Rabe, Terry Pyatt,<br>Timothy Anderson, Michael Ford,<br>Michael Rabe as Executor of the Estate<br>of Patrick K. Rabe, deceased<br>Defendants | ) ) ) ) ) ) | |

## JUDGMENT IN A CIVIL CASE

**DECISION BY THE COURT.** This action came before the Court and a decision has been rendered.

On February 29, 2016, the Court entered a Text Order terminating Defendant Patrick Rabe.

**IT IS ORDERED AND ADJUDGED** Defendants' motion for summary judgment is granted. Defendants are entitled to summary judgment on Counts I, II, III, IV, and V. Counts VI, VIII, IX, and X are dismissed without prejudice. This case is closed.

**Dated:** 3/13/2018

s/ Kenneth A. Wells

Kenneth A. Wells
Clerk, U.S. District Court

63